George J. Gerro (SBN 325168)
Gerro & Gerro
530 S. Glenoaks Blvd., Suite 200
Burbank, CA 91502
George@GerroLaw.com
(818) 840-0000

Attorneys for Michael J. Gerro,
In his individual capacity

# UNITED STATES BANKRUPTY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| *In re* | Case No.: 8:25-bk-11898-MH |
| **SERENADE NEWPORT, LLC,** | **Chapter 11** |
| Debtor and Debtor-in-Possession. | **OPPOSITION OF MICHAEL J. GERRO, IN HIS INDIVIDUAL CAPACITY, TO MOTION FOR PRODUCTION OF DOCUMENTS AND RULE 2004 EXAMINATION OF MICHAEL GERRO, PAUL DAFTARIAN, JACOB WOLF, PPRF REIT, LLC BY AND THROUGH JAY WINSHIP, AND SITLANI HOLDINGS, LLC, BY AND THROUGH JAY SITLANI, PURSUANT FED. R. BANKR. P. 2004 AND L.B.R. 2004-1; DECLARATION OF GEORGE J. GERRO IN SUPPORT THEREOF** |
| | **Hearing Requested Pursuant to 2004-1(d)** |

**TO THE HONORABLE MARK HOULE, JUDGE OF THE UNITED STATES BANKRUPTCY COURT AND TO ALL PARTIES IN INTEREST:**

  **PLEASE TAKE NOTICE THAT** Michael J. Gerro, in his individual capacity ("Responding Party"), hereby opposes the *Motion for Production of Documents by Debtor and Rule 2004 Examination of Debtor, Including by and Through Sahand Zargari, Co-Debtor*

1

*Michael Gerro, and Examinations of Third-Parties Paul Daftarian, Jacob Wolf, PPRF REIT, LLC by And Through Jay Winship, and Sitlani Holdings, LLC, by and Through Jay Sitlani, Pursuant Fed. R. Bankr. P. 2004 and L.B.R. 2004-1* ("Motion") filed on August 8, 2025 in the above-entitled bankruptcy of Serenade Newport LLC ("Debtor"), by disputed creditors Bryan Gadol and Darren Testa ("Disputed Creditors"). This Opposition is based on three grounds.

**First**, the Motion fails to attach the required "stipulation" that "must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue," as required by United States Central District of California Local Bankruptcy Rule 7026-1(c), and therefore, "the court will not consider the discovery motion." LBR 7026-1(c)(3)(C). Additionally, the Motion and its Declarations omit the meet and confer emails setting forth the remaining issues to be resolved.

**Second**, Moving Parties met and conferred in a piecemeal, rushed, divide-and-conquer fashion, thereby depriving counsel—including Debtor's counsel—from meeting and conferring regarding mutually agreeable dates and times for the requested examinations.

**Third**, the Motion fails to show good cause for examining the Responding Party in his "individual" capacity. Since the Debtor has already agreed to a Rule 2004 examination, Moving Parties should conduct the Debtor's examination first before requesting potentially duplicitous, harassing, and improper substitutes for depositions in Moving Parties' state court litigation.

**PLEASE TAKE FURTHER NOTICE THAT** Responding Party requests that the Motion be denied either with or without prejudice as appropriate.

Respectfully submitted,

**GERRO & GERRO**

Dated: August 12, 2025

/s/George Gerro
By: George J. Gerro
Attorneys for Michael J. Gerro,
in his individual capacity

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

Disputed creditors Bryan Gadol and Darren Testa seek to examine the Debtor, plus five (5) other parties including Responding Party, Michael Gerro in his "individual" capacity. The Motion should be denied—without prejudice—for the following three reasons.

First, Moving Parties took a divide-and-conquer approach by meeting and conferring with each proposed examinee's counsel separately. Such a piecemeal approach is neither courteous nor efficient. When calendaring dates for proposed 2004 examinations, all counsel (especially Debtor's counsel) should be invited to participate in that meet and confer. To make progress without significant motion practice in this bankruptcy, Moving Parties will have to cooperate and resolve issues in a collaborative, collective, and non-gamesmanship manner. That way, counsel may make themselves, or a colleague from their office, available to participate in the examination. The internet has made such omnibus meet and confers convenient in today's online environment.

Second, the Motion failed to file the "stipulation" that "must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue." LBR 7026-1(c)(3)(A); *see also* LBR 2004-1(g) and 7026-1(c)(1). Due to "the absence of such stipulation or a declaration of a party of noncooperation by the opposing party, *the court will not consider the discovery motion*." LBR 7026-1(c)(3)(C) (italics added). The Motion fails to abide by both the letter and the spirit of the local rules. The lack of compliance with the local rules is prejudicial, because the Motion concealed the disputed issues and arguments in opposition thereto. Accordingly, the Motion deprives this Court of essential information necessary to consider the outstanding issues between the parties.

Third, the Debtor has already agreed to submit to a Rule 2004 examination and production of documents. In light of Debtor's agreement, Disputed Creditors have not specified

3

"good cause" for conducting five (5) additional, vexatious and harassing examinations of the Debtor's affiliates. Disputed Creditors should not be conducting discovery for their State Court Action in this Bankruptcy Court. Moving Parties have not shown "good cause" for examinations of five other entities, for example, by explaining what information germane to a Rule 2004 examination that they will not be able to obtain from the Debtor.

## II. PROCEDURAL POSTURE

### A. The Moving Parties are Disputed Creditors in a State Court Action Against a Prior Owner of the Real Property Now Owned by the Debtor

Disputed Creditors are plaintiffs in a state court action entitled *Gadol, et al. v. Ferder, et al.* (Super. Ct. Or. County, Case No. 30-2025-01488102-CU-BC-CJC) ("State Court Action"). The State Court Action was brought by Disputed Creditors against Debtor's predecessor in interest. In short, Disputed Creditors claim a breach of contract against the prior owner of the real property commonly known as 1501 Serenade Terrace, Newport Beach, California 92625 ("Property").

Debtor was not named in the State Court Action. Rather, the State Court issued an *ex parte* attachment order affecting the Property. That attachment order placed Debtor in financial distress, preventing the Debtor from selling its sole asset, paying over $50,000 a month in interest payments, and resulting in the need to file for bankruptcy protection. On January 11, 2025, Debtor Serenade Newport LLC, a California Limited Liability Company, ("Debtor") filed a voluntary petition for bankruptcy in the above-entitled Bankruptcy Court.

Since filing, the Property has been within the exclusive jurisdiction of this Bankruptcy Court, as part of the Debtor's estate. The attachment order has been dissolved as a matter of law pursuant to California Code of Civil Procedure Section 493.030(b), which provides that: "The filing of a petition commencing a voluntary or involuntary case under Title 11 of the United States Code (Bankruptcy) terminates a lien of a temporary protective order or of attachment if the lien was created within 90 days prior to the filing of the petition."

4

Disputed Creditors have not yet filed any Proof of Claim. Instead, The Disputed Creditors have engaged in a rushed and fragmented meet and confer process as described below.

**B.      The Meet and Confer Process was Rushed and Piecemealed**

As the Motion acknowledges, Debtor has already agreed to submit to a Rule 2004 exam and production of documents. The Motion seeks to conduct a Rule 2004 examination, and issue a subpoena with a request for production of documents, against five (5) additional non-parties, including Responding Party, Michael J. Gerro in his "individual" capacity.

The Motion claims that Michael Gerro is a "co-debtor;" however, that label may be slightly misleading. Michael Gerro has not filed for bankruptcy protections. Rather, the Motion merely refers to the fact that Michael Gerro is listed in the Debtor's schedules as being co-liable with Debtor.

The meet and confer was rushed, piecemeal, and wrought with gamesmanship. *See* Declaration of George J. Gerro, supra, ¶ 1. Counsel for Disputed Creditors did not disclose the full extent of Rule 2004 examinations that they intended to request. Specifically, counsel for each purported examinee was contacted separately, and not consulted even as to their preferences for dates and times for all such examinations. From Responding Party and Debtor's points of view, the requested dates and times for depositions of the other parties were requested unilaterally and haphazardly by the Motion.

Responding Party only found out that other examinations beyond the Debtor and Responding Party were being requested after the Motion was filed. Declaration of George J. Gerro, ¶ 12. In other words, Disputed Creditors were concealing their simultaneous efforts to meet and confer with other counsel regarding similar issues. Then, the Motion was assembled secretly, and hastily filed in ambush.

In its Motion, the Disputed Creditors seek to examine the Debtor, plus its Member, Responding Party, in his "individual" capacity, plus Debtor's two real estate agents, plus Debtor's two hard money lenders. Disputed Creditors request 17 categories of documents from

5

each money lender, 26-27 categories of documents from each real estate agent, and Responding Party too.

With respect to Responding Party, Disputed Creditors request documents that are wholly irrelevant to the Debtor and the basic inquiry. For example, the proposed categories include references to "Gerro Properties LLC," which has nothing to do with this bankruptcy.

### III.   LEGAL ARGUMENT

#### A.   The Disputed Creditors Failed to Meet and Confer with Counsel Altogether

In order to move a bankruptcy case along efficiently and effectively, counsel will have to work together to informally resolve as many disputes as possible. The Motion was served on multiple attorneys representing multiple parties, but those parties were never invited to a global meet and confer. The Motion should be denied without prejudice so that the Disputed Creditors can invite all affected counsel to meet and confer with each other in one conference call.

Moving Parties are required to meet and confer in an attempt "to arrange for a mutually agreeable date, time, place, and scope of an examination or production." LBR 2004-1(a). In scheduling depositions, affected attorneys usually wish to be present to preserve objections and available to ask questions at the examination. By failing to invite all counsel to the meet and confer, Moving Parties deprived the attorneys of the ability to check their calendars and request alternative accommodations.

In light of today's electronic communications, the attorneys or their designees can meet and confer at low cost. Omnibus meet and confers will conserve judicial resources for the parties, counsel, and this Court. Moving Parties should invite all affected counsel to meet and confer in accordance with Local Bankruptcy Rule 2004-1.

In advanced of this Motion, Disputed Creditors were separately meeting and conferring with four different law offices. Inviting four different attorneys to a Zoom conference call was readily feasible. There was no legitimate reason for Disputed Creditors' counsel to trifurcate the meet and confer efforts.

6

**B.     The Motion Fails to Comply with the Requirement to Stipulate to the Issues**

The Motion should be denied for failing to comply with the Local Bankruptcy Rules. Local Bankruptcy Rule 2004-1(g) states that "The parties *must* seek to resolve *any* dispute arising under this rule in accordance with LBR 7026-1(c)."  (Italics added).  Additionally, Local Bankruptcy Rule 7026-1(c) states that "Unless excused from complying with this rule [7026-1(c)] by order of the court for good cause shown, a party must seek to resolve any dispute arising under … FRBP 2004 in accordance with this rule."

Local Bankruptcy Rule 7026-1(c) requires Moving Party to file a written stipulation between counsel, setting forth the remaining issues, each side's arguments and citations in support thereof.  Specifically, Moving Parties "must file and serve … a written stipulation by the parties. (A) The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue…."

The purpose of Local Bankruptcy Rule 7026-1(c) is self-evident: conserving judicial resources by forcing Moving Parties to specify the issues and arguments on each side.  The stipulation requirement also requires counsel to narrow their disputes by articulating their issues and researching authority for their respective positions.

The Local Rules impose this requirement in addition to the meet and confer requirement. Each side must "provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of parties." LBR 7026-1(c)(4).  Even Moving Parties are subjected to the imposition of sanctions for failure to prepare the stipulation: "failure of any party either to cooperate in this procedure… will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3." LBR 7026-1(c)(4).

The Motion does not contain any such stipulation or declaration of an explanation why it was not prepared.  The Motion's Declarations set forth no efforts to compile such stipulation. Indeed, the Motion actually omits the remaining relevant issues set forth in emails between counsel.  *See* Declaration of George J. Gerro, ¶ 10.

7

Instead of imposing sanctions, the better result here is to deny the Motion without prejudice so that the Moving Parties may comply with the requirement of the Local Rules. The Local Rules are framed in mandatory language: "**In the absence of such stipulation or a declaration of a party of noncooperation by the opposing party, the court will not consider the discovery motion**." LBR 7026-1(c)(3)(C) (emphasis added.) Accordingly, this Court should enforce the stipulation requirement by "not consider[ing] the discovery motion." *Ibid*.

### C. The Disputed Creditors Failed to Show Good Cause for Examining Third-Parties

The Debtor already agreed to submit to an examination on September 15, 2025 and produce documents no later than September 8, 2025. Moving Parties have failed to show that an examination of Rule 2004 will not be a sufficient source of information regarding the Debtor's estate, finances, and administration. The Motion fails to demonstrate "good cause" for these additional, expensive, and duplicative examinations. Oppressing or burdening the examinees does not constitute a legitimate interest in examining the Debtor's members, lenders, and real estate agents.

"On a party in interest's motion, the court *may* order the examination of any entity." Fed. R. Bankr. Proc. R. 2004(a) (italics added). "[A] Rule 2004 examination must be both 'relevant and reasonable' and 'may not be used to annoy, embarrass or oppress the party being examined.'" *Clark v. Farris-Ellison (In re Farris-Ellison)*, Nos. 2:11-bk-33861-RK, 2:12-ap-01830-RK, 2015 Bankr. LEXIS 3057, at *9 (Bankr. C.D. Cal. Sep. 10, 2015). "[T]he 2004 examination does not have the safeguards of the discovery procedures in adversary or contested matters. Thus, the Court must be particularly careful in supervising what is being sought." *In re Wanamaker*, No. 1:20-bk-10026-VK, 2022 Bankr. LEXIS 1587, at *25 (Bankr. C.D. Cal. June 7, 2022).

A Rule 2004 examination of "third parties" applies "'only those persons possessing knowledge of the debtor's acts, conduct or financial affairs so far as this relates to a debtor's proceeding in bankruptcy.' The court may deny a Rule 2004 examination if the purpose is abuse

or harassment. The party seeking a Rule 2004 examination bears the burden of showing 'good cause' for the examination. Good cause is established if the Rule 2004 examination is necessary to establish the movant's claim or if denial would cause the movant undue hardship or injustice." *Lee v. Field (In re Lee)*, Nos. HI-20-1250-GBS, HI-20-1251-GBS, 2021 Bankr. LEXIS 1521, at *8 (B.A.P. 9th Cir. June 3, 2021) (cleaned up).

Rule 2004 is not a substitute for discovery that may be obtained in the course of adversary proceedings or contested matters. *See* LBR 2004-1(b). The policy behind such limitation inheres in the structure of the discovery statutes. If Moving Parties take Rule 2004 examinations of parties other than the Debtor, then they may be avoiding the limitation on depositions of natural persons, or the limitations as to timing, scope, or availability of discovery in the State Court Action.

In general, a Rule 2004 "may relate only to: (A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge." Fed. R. Bankr. Proc., R. 2004(a). In light of that limited scope and function, the Motion does not explain why an examination of the Debtor would be insufficient, inadequate, or incomplete. Furthermore, the Motion does not explain why Responding Party need be deposed in his individual capacity, or why discovery in the State Court Action, an adversary proceeding, or contested matter would not be available or suffice.

With regard to the State Court Action, Disputed Creditors have not established any claim against the Debtor other than their *ex parte* relief of an attachment order. Such an order is not preclusive or binding upon this Bankruptcy Court.

For the Disputed Creditors have any valid claim against the Debtor's estate, the disputed creditors will have to show the following. First, the Disputed Creditors will have to prevail upon the merits in their underlying State Court Action against Debtor's predecessor in interest. Second, Disputed Creditors will have to show that the primary obligors in the State Court Action are unwilling or unable to satisfy their claims. Third, Disputed Creditors will have to prove that

Debtor's acquisition of the Property must be set aside.  Finally, if Debtor shows that the transfers were in good faith and for reasonably equivalent value, then Disputed Creditors have no claim against the Debtor.  Disputed Creditors have not made any showing as to their entitlement to recover against the Debtor.  Indeed, to the best of the undersigned's knowledge, Disputed Creditors have not yet filed any proof of claim.

### IV.    CONCLUSION

The Motion should be denied without prejudice—as to the non-Debtor Responding Party in his "individual" capacity, for the foregoing reasons.  First, Disputed Creditors should attempt to meet and confer with all affected counsel at the same time.  Second, the requirement to file a stipulation of issues and arguments should be enforced.  And third, Disputed Creditors should be required to show good cause for the duplicitous examinations of non-Debtors.

Respectfully submitted,

**GERRO & GERRO**

Dated: August 12, 2025

/s/ George Gerro
By:  George J. Gerro
  Attorneys for Michael Gerro in his individual capacity

## DECLARATION OF GEORGE J. GERRO

I, George J. Gerro, declare and state as follows.

1) I am an attorney specially appearing for Michael J. Gerro—in his individual capacity only—in the above-entitled bankruptcy case. I have personal knowledge of the facts alleged herein and if called upon as a witness, I could and would competently testify thereto. I make this declaration in support of the *Opposition Of Michael J. Gerro To Motion For Production Of Documents By Debtor And Rule 2004 Examination Of Debtor, Including By And Through Sahand Zargari, Co-Debtor Michael Gerro, And Examinations Of Third-Parties Paul Daftarian, Jacob Wolf, Pprf Reit, LLC By And Through Jay Winship, And Sitlani Holdings, LLC, By And Through Jay Sitlani, Pursuant Fed. R. Bankr. P. 2004 And L.B.R. 2004-1* ("Opposition"), to which this declaration is attached.

2) On July 31, 2025, Responding Party Michael Gerro received a call from Moving Parties' counsel, Christopher Harney, Esq. The Motion does not disclose how counsel obtained Michael Gerro's personal phone number.

3) Mr. Harney admits that, during his calls with Michael Gerro, it was disclosed that Michael is represented by counsel. During that July 31, 2025 call, Michael suggested that Harney speak to the Debtor's attorney. Michael is a member of the Debtor, and accordingly, is represented in that capacity by the law firm of Forsythe & Hodges LLP.

4) On August 5, 2025, notwithstanding Michael Gerro's disclosure that he was represented by counsel in the bankruptcy case, Harney again called Michael Gerro and spoke to him without counsel, in a purported attempt to meet and confer in Michael Gerro's "individual" capacity. The phone call was not limited to an inquiry as to the identity of the party's counsel, but rather, according to Harney, was a substantive meet and confer on the underlying legal merits. During that second call, Michael Gerro informed Harney that he would be represented by his brother, George Gerro, Esq.

5) On August 5, 2025, Harney contacted me requesting to meet and confer on behalf of Michael Gerro on an expedited basis. Within 30 minutes, I responded and informed Harney

that I had just been retained and needed some time to review the filings, arguments, and relevant legal authorities. I agreed to meet and confer. However, I stated that "I cannot opine as to whether we would oppose a Rule 2004 Motion without knowing the basis thereof." About 40 minutes later, Harney responded by insisting that the meet and confer must occur "**today or tomorrow**" (underlining and emphasis original) even though Local Bankruptcy Rule 7026-1(c) affords me with 7 days to meet and confer.

6) In an attempt to accommodate Harney, I informed him that I could meet and confer the very next day, August 6, 2025. Debtor's counsel requested a call time of 9:30 a.m.

7) During our August 6, 2025 meet and confer call, Debtor's counsel agreed to produce Debtor for an examination and document production. Although the date and time of Responding Party's proposed examination was discussed, Harney did not meet and confer at that time regarding the "scope of [the] examination or production." LBR 2004-1(a). Counsel agreed to meet and confer again on August 8, 2025.

8) The Declaration of Christopher J. Harney, as attached to the Motion, does not disclose the subsequent email communications to himself from the undersigned. As such, the Declaration omits important meet and confer emails setting forth a couple of "disputed issue[s] that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue." LBR 7026-1(c)(1)(A).

9) On August 7, 2025, I sent emails to Harney specifying "some issues that I would like to meet and confer upon: In light of the fact that the debtor agrees to submit to a Rule 2004 examination and production of documents, please let us know the 'good cause' to examine Michael Gerro 'individually' under Rule 2004. What is the proposed 'scope' of the requested examination? LBR 2004-1(a). Also, can you explain why the requested 'examination cannot proceed under FRBP 7030 or 9014.' LBR 2004-1(b)."

10) In other words, the remaining issues revolved around Moving Parties' "good cause" for such non-Debtor Rule 2004 examinations, the scope of such examinations, and the scope of the document requests. Those issues were not set forth in the Motion or its

accompanying Declarations.

11) At no time during Harney's meet and confer efforts did he disclose that he was seeking to conduct Rule 2004 examinations of multiple parties, represented by multiple attorneys, on different dates and times. In my opinion, inviting all counsel to a global meet and confer would be more productive, efficient, and courteous than meeting and conferring in a piecemeal, rushed, divide-and-conquer fashion.

12) Only when the Motion was filed did the undersigned counsel find out that Harney was seeking to depose four more parties, other than the Debtor and Responding Party.

13) When I asked Harney to agree that the Rule 2004 examination of Michael Gerro would be limited to the Debtor alone, Harney refused to agree to such a written stipulation.

The foregoing is certified as being true and correct under penalty of perjury of the laws of the United State of America. Executed this August 12, 2025.

                                                /s/ George Gerro
                                                George Gerro, Esq.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 530 S. Glenoaks Blvd., Suite 200, Burbank, CA 91502.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION OF MICHAEL J. GERRO, IN HIS INDIVIDUAL CAPACITY, TO MOTION FOR PRODUCTION OF DOCUMENTS AND RULE 2004 EXAMINATION OF MICHAEL GERRO, PAUL DAFTARIAN, JACOB WOLF, PPRF REIT, LLC BY AND THROUGH JAY WINSHIP, AND SITLANI HOLDINGS, LLC, BY AND THROUGH JAY SITLANI, PURSUANT FED. R. BANKR. P. 2004 AND L.B.R. 2004-1; DECLARATION OF GEORGE J. GERRO IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 12, 2025** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Reem J. Bello (RBello@GoeforLaw.com)
Rob P. Goe (Rgoe@GoeforLaw.com)
Steven J. Katzman (SKatzman@bklwlaw.com)
United States Trustee (ustpregion16.sa.ect@usdoj.gov)

2. **SERVED BY UNITED STATES MAIL**:
On **August 12, 2025** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 12, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Attorneys for Moving Parties Bryan Gadol and Darren Testa (by email)
**Christopher J Harney**
Theodora Oringher
535 Anton Blvd.
9th Floor
Costa Mesa, CA 92626
714-549-2600
714-549-6201 (fax)
charney@tocounsel.com

Attorneys for the Debtor, Serenade Newport, LLC (by email)
Reem J Bello
Goe Forsythe & Hodges LLP
17701 Cowan
Building D
Ste 210
Irvine, CA 92614
949-798-2460
Fax : 949-955-9437
Email: rbello@goeforlaw.com

Robert P Goe
Goe Forsythe & Hodges LLP
17701 Cowan
Building D
Suite 210
Irvine, CA 92614
949-798-2460
Fax : 949-955-9437
Email: rgoe@goeforlaw.com

United States Trustee (by email)
Queenie K Ng
411 West Fourth St.
Suite 7160
Santa Ana, CA 92701
714-338-3403
Fax : 714-338-3421
Email: queenie.k.ng@usdoj.gov

<u>Attorneys for Paul Daftarian and Jacob Wolf (by email)</u>

Brian Paya

The Paya Firm

10940 Wilshire Blve., Suite 1600

Los Angeles, CA 90024-3910

<u>Attorneys for Sitlani Holdings, LLC and PPRF REIT, LLC (by email)</u>

**Charles Pernicka**

The Opus Law Firm

662 Encinitas Blvd Ste 248

Encinitas, CA 92024

877-775-4564

877-775-4564 (fax)

charles@opuslawfirm.com

<u>To the Bankruptcy Court (by overnight delivery)</u>

The Honorable Mark D. Houle,

United States Bankruptcy Court

411 W. Fourth St., Suite 6135, Courtroom 6C

Santa Ana, CA 91701

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 12, 2025 | <u>Jennifer Ayad</u> | /s/ Jennifer Ayad |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |