Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
RINGSTAD & SANDERS LLP
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
Telephone: 949-851-7450
Facsimile:  949-851-6926

Counsel for Thomas H. Casey,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>SERENADE NEWPORT, LLC.,<br><br>Debtor. | Case No. 8:25-bk-11898 MH<br><br>Chapter 11 Proceeding<br><br>**CHAPTER 11 STATUS REPORT OF THOMAS H. CASEY, CHAPTER 11 TRUSTEE**<br><br>**Hearing:**<br>Date:  January 20, 2026<br>Time:  2:30 p.m.<br>Place:  Courtroom 6C – Virtual (via ZoomGov)<br>           411 W. Fourth Street<br>           Santa Ana, CA 92701 |

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

Thomas H. Casey, Chapter 11 Trustee (the "Trustee") in the above-captioned Chapter 11 bankruptcy proceeding of *Serenade Newport, LLC* (the "Debtor"), hereby submits this Chapter 11 Status Report concerning events occurring in this case since his appointment.

**1. <u>Appointment of Trustee</u>**

On August 14, 2025, creditors Bryan Gadol and Darren Testa filed their Notice and Motion to Dismiss Bankruptcy for Cause (the "Dismissal Motion").  [Doc. 53].  A hearing was

1  scheduled for September 9, 2025 on the Dismissal Motion. Following a hearing on the Dismissal

2  Motion, the Court on September 12, 2025, entered its Order Granting Motion to Dismiss

3  Bankruptcy for Cause. [Doc. 92] The Order found cause for dismissal, but also found that

4  appointment of a Chapter 11 Trustee is in the best interest of the creditors and the estate. The

5  Court therefore ordered the United States Trustee to appoint a Chapter 11 trustee.

6        On September 16, 2025, the United States Trustee filed its Notice of Appointment of

7  Chapter 11 Trustee, appointing Thomas H. Casey as Chapter 11 Trustee. [Doc. 95] On the same

8  day, the United States Trustee filed the Acceptance of Appointment of Thomas H. Casey

9  accepting the appointment. [Doc. 96] On September 16, 2025, the Court entered its Order

10 approving the United States Trustee's Application for approval of the appointment of Thomas H.

11 Casey as Chapter 11 Trustee. [Doc. 98] At all times thereafter, Thomas H. Casey has diligently

12 performed his duties as Chapter 11 Trustee.

13       On October 9, 2025, the Trustee filed his Application to Employ Ringstad & Sanders LLP

14 as counsel for Thomas H. Casey, Chapter 11 Trustee. [Doc. 112] No timely Opposition was filed

15 to the Trustee's Application to Employ Ringstad & Sanders and an Order approving the

16 Application was entered on November 13, 2025. [Doc. 131].

17     **2.    The Estate of Serenade Newport LLC**

18       Upon assuming his duties in this case, the Trustee learned that this is a bankruptcy estate

19 with only one asset, an unoccupied single-family residence located at 1501 Serenade Terrace,

20 Corona del Mar, CA 92625 (the "Property"). The Property had been offered for sale by the

21 Debtor, and the Debtor had received an offer from a potential purchaser (the "Initial Buyer") for

22 the cash sum of $8,800,000 together with an initial deposit of $125,000 (the "Deposit"). The

23 Debtor had filed a Motion to Approve the Sale subject to overbids (the "Sale Motion"). [Doc.

24 43]. However, the Initial Buyer withdrew after the Sale Motion was withdrawn by the Debtor at

25 the hearing at which the Court ordered the appointment of the Trustee.

26       The Property is encumbered by two deeds of trust. The First Deed of Trust secures a

27 promissory note in the principal amount of $5,278,125 in favor of PPRF Reit LLC. A Second

28 Deed of Trust secures a promissory note in the principal amount of $500,000 in favor of Sitlani

Holdings LLC.

The Court set a bar date of October 1, 2025. According to the Bankruptcy Court's Claims Docket, ten claims have been filed to date, asserting claims in the total amount of $52,765,765.17. All ten claims were filed on or before October 1, 2025.

The Trustee believes that there may be significant disputes between the parties to this case as to the validity of various claims asserted against the Debtor, including claims filed by the individual principals of the Debtor. This Chapter 11 case affords the opportunity to preserve the sole asset, arrange for a sale of the Property subject to overbidding that will maximize its value, adjudicate disputes concerning the validity, priority, and amount of claims, and provide for a distribution to allowed claims in accordance with the priorities established by the Bankruptcy Code.

**3. Summary of the Trustee's Actions to Date.**

The Trustee's initial investigation into this matter upon his appointment revealed the following matters requiring his immediate attention:

(i) Debtor's title to the Property was subject to a Lis Pendens recorded against the Property by creditors Gadol and Testa on July 11, 2025;

(ii) Debtor's title to the Property was subject to a prejudgment writ of attachment recorded against the Property by creditors Gadol and Testa on July 16, 2025;

(iii) A Motion for Annulment of the Automatic Stay and Relief (the "Annulment Motion") had been filed by creditors Gadol and Testa and was scheduled for hearing on November 4, 2025, that sought to validate the Lis Pendens and writ of attachment filed post-petition notwithstanding the automatic stay of Section 362(a) of the Bankruptcy Code;

(iv) The Debtor was in a pending escrow for the sale of the Property, but the Sale Motion had been withdrawn by the Debtor due to the appointment of a Chapter 11 Trustee by the Court.

(v) The automatic stay of Section 362(a) would potentially terminate on the 90th day after the Order for Relief in this case (*i.e.,* October 9, 2025) under the single asset

- 3 -

1         real estate (SARE) provisions of Bankruptcy Code section 362(d)(3).

2    (vi)    The estate had no funds nor income with which to service the secured debt encumbering the Property, which, coupled with the potential risk of termination of the automatic stay under the SARE provisions of the Code, placed the estate at extreme risk of losing its sole asset.

6    (vii)   The Court had set a deadline of October 7, 2025 for the filing of a Chapter 11 Plan.

In response to these exigent circumstances, the Trustee and Trustee's counsel reached out to the principal active creditors of the case through their counsels of record. The Trustee successfully negotiated with counsel for creditors Gadol and Testa that resulted in a Stipulation Withdrawing Motion for Annulment of the Automatic Stay, etc. (the "Stay Stipulation") whereby (i) the Annulment Motion was withdrawn; (ii) creditors Gadol and Testa agreed to withdraw or terminate the recorded Lis Pendens and the recorded Writ of Attachment clouding title to the Property; and (iii) the Debtor and the Trustee released creditors Gadol and Testa and their counsel relating to the recordation post-petition of the Lis Pendens and the Writ of Attachment. [Doc. 108] The Stay Stipulation was approved by Order entered October 15, 2025. [Doc. 115]

The Trustee also reached out to the Initial Buyer for the Property who had demanded return of his deposit. The Trustee attempted to retain the Initial Buyer notwithstanding the Debtor's default in obtaining Court approval of the proposed sale, and personally engaged the Initial Buyer in negotiations. However, the Initial Buyer was unpersuaded and was no longer interested in purchasing the Property. The escrow was thereafter cancelled, and the Initial Buyer's deposit returned.

Concerned about the inability to service any ongoing debt due to the lack of funds or income, the Trustee through counsel engaged in discussions with the holders of the first deed of trust and second deed of trust. The parties have negotiated a Stipulation by which the automatic stay will remain in effect for at least six months from the earlier of completion of the sale of the Property or the date of the last signature on the Stipulation.

On October 7, 2025, the Trustee filed a Chapter 11 Plan [Doc. 110] and Disclosure Statement [Doc. 111]. The Trustee has not yet filed a Motion for approval of the Disclosure

1  Statement but is currently preparing that Motion with the assistance of Trustee's counsel.

2  The Trustee has engaged Tim Smith of Coldwell Banker Realty as real estate agent for the
3  estate to market the Property and has filed an Application to Approve Employment of the Agent.
4  [Doc. 117]. The Trustee is preparing the Property for staging and showing. The Trustee hopes
5  through these efforts to both maximize the realizable value of the Property and generate interest
6  and offers promptly.

7  The Trustee intends to proceed with the sale of the Property expeditiously.

8  Once the Property has been sold, it will be appropriate to proceed with determination of
9  the amount of accrued secured debt held by the holders of the first and second deeds of trust, and
10 analysis and determination of the valid unsecured claims against the estate.

11 Through all these efforts, the Trustee intends to maximize the return to the legitimate
12 creditors of this estate.

13 **4.  Update Since November 4, 2025 Status Conference.**

14 The employment of Tim Smith of Coldwell Banker Realty (the "Agent") was approved by
15 Order entered December 17, 2025 [Doc. 145]. In order to maximize the value of the Property. At
16 the recommendation of the Agent, the property was staged and prepped for maximum appeal to
17 potential buyers. The Agent has listed the Property for sale for $9,295,000.

18 Since the listing of the Property, the Agent has had a number of showings of the Property
19 to pre-qualified interested parties. To date, only one party has made an offer for the Property.
20 The Trustee and the Offeror have thereafter exchanged counteroffers. The parties remain far
21 apart.

22 The Agent has continued showing the Property to pre-qualified interested parties. It
23 appears that showings are picking up since the New Year's holiday passed. The Agent has
24 advised that that December and January are typically the slow season for residential property
25 sales, but remains confident of a successful sale.

26 The Trustee intends to continue to pursue a sale of the Property.

27 ////
28 ////

- 5 -

Respectfully submitted,

DATED: January 13, 2026        THOMAS H. CASEY, Chapter 11 Trustee

*/s/ Thomas H. Casey*

DATED: January 13, 2026        RINGSTAD & SANDERS LLP

*/s/ Todd C. Ringstad*
Todd C. Ringstad
Counsel for Thomas H, Casey, Chapter 11 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 23101 Lake Center Drive, Suite 355, Lake Forest, Ca 92630.

A true and correct copy of the foregoing documents entitled (*specify*): **CHAPTER 11 STATUS REPORT OF THOMAS H. CASEY, CHAPTER 11 TRUSTEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 13, 2026 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Anthony Bisconti**    tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Thomas H Casey (TR)**    msilva@tomcaseylaw.com, thc@trustesolutions.net
- **Matthew Tyler Davis**    tdavis@kbkllp.com
- **George Gerro**    george@gerrolaw.com
- **Robert P Goe**    rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Christopher J Harney**    charney@tocounsel.com, kmanson@tocounsel.com
- **Steven J. Katzman**    skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Bahram Paya**    brian.paya@payafirm.com
- **Charles Pernicka**    charles@opuslawfirm.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Matthew Rosene**    mrosene@epgrlawyers.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **David B Zolkin**    dzolkin@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On  January 13, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark D. Houle, U.S. Bankruptcy Court, Ronald Reagan Federal Building, 411 W. Fourth St., Suite 6135, Courtroom 6C, Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 13, 2026 | Becky Metzner | */s/ Becky Metzner* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

20 Largest Unsecured

Avina LLC
22704 Ventura Boulevard
Woodland Hills, CA 91364

Bryan Gadol
c/o Theodora Oringher PC
535 Anton Blvd., 9th Floor
Trabuco Canyon, CA 92679-7109

Darren Testa
c/o Theodora Oringher PC
535 Anton Blvd., 9th Floor
Trabuco Canyon, CA 92679-7109

Global Innovations, LLC
20550 Nordhoff Street
Chatsworth, CA 91311

Debtor
Serenade Newport, LLC
500 N. State College Blvd.
Suite 1100
Orange, CA 92868

Secured:

Orange County Treasurer – Tax Collector
601 N. Ross Street
Santa Ana, CA 92701-1438

PPRF Reit LLC
16236 San Dieguito Road
Suite 4-21
P.O. Box 9494
Rancho Santa Fe, CA 92067

Sitlani Holdings LLC
16186 Palimino Valley Road
San Diego, CA 92127

FCI Lender Services
Attn: Loan Serving Dept
P.O. Box 27370
Anaheim, Ca 92809-0112