Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
Nanette D. Sanders  (State Bar No. 120169)
nanette@ringstadlaw.com
RINGSTAD & SANDERS LLP
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
Telephone: 949-851-7450
Facsimile:  949-851-6926

Counsel for Thomas H. Casey,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:25-bk-11898 MH |
| SERENADE NEWPORT, LLC., | Chapter 11 Proceeding |
| Debtor. | **SECOND AMENDED CHAPTER 11 PLAN** |

**Plan Confirmation Hearing:**
Date:
Time:
Place: ___ – Virtual (via ZoomGov)
        411 W. Fourth Street
        Santa Ana, CA 92701

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| **I.** | **INTRODUCTION** | 6 |
| **II.** | **DEFINITIONS AND RULES OF INTERPRETATION** | 7 |
| | 2.1 Definitions | 7 |
| | 2.1.1 Administrative Claim | 7 |
| | 2.1.2 Administrative Tax Claim | 8 |
| | 2.1.3 Allowed Administrative Claim | 8 |
| | 2.1.4 Allowed Claim | 8 |
| | 2.1.5 Allowed Deficiency Claim | 8 |
| | 2.1.6 Allowed General Unsecured Claim | 9 |
| | 2.1.7 Allowed Priority Tax Claim | 9 |
| | 2.1.8 Allowed Priority Unsecured Claim | 9 |
| | 2.1.9 Allowed Secured Claim | 9 |
| | 2.1.10 Avoidance Action | 9 |
| | 2.1.11 Bankruptcy Code | 9 |
| | 2.1.12 Bankruptcy Court | 9 |
| | 2.1.13 Bankruptcy Rules | 10 |
| | 2.1.14 Bar Date(s) | 10 |
| | 2.1.15 Business Day | 10 |
| | 2.1.16 Case | 10 |
| | 2.1.17 Cash | 10 |
| | 2.1.18 Claim | 10 |
| | 2.1.19 Claims Objection Deadline | 10 |
| | 2.1.20 Class | 11 |
| | 2.1.21 Confirmation Date | 11 |
| | 2.1.22 Confirmation Hearing | 11 |
| | 2.1.23 Confirmation Order | 11 |
| | 2.1.24 Creditor | 11 |
| | 2.1.25 Debtor | 11 |
| | 2.1.26 Disclosure Statement | 11 |
| | 2.1.27 Disputed Claim | 11 |
| | 2.1.28 Disputed Claims Reserve | 12 |
| | 2.1.29 Distribution | 12 |
| | 2.1.30 Distribution Account | 12 |
| | 2.1.31 Effective Date | 12 |
| | 2.1.32 Estate | 12 |
| | 2.1.33 Estate Claims | 12 |
| | 2.1.34 Final Order | 12 |
| | 2.1.35 General Administrative Claims Bar Date | 13 |
| | 2.1.36 General Unsecured Claim | 13 |
| | 2.1.37 General Unsecured Creditor | 13 |
| | 2.1.38 Governmental Unit | 13 |
| | 2.1.39 Initial Distribution Date | 13 |
| | 2.1.40 Insiders | 13 |
| | 2.1.41 Lien | 13 |
| | 2.1.42 Net Proceeds | 13 |
| | 2.1.43 Net Sales Proceeds | 13 |
| | 2.1.44 Petition Date | 14 |
| | 2.1.45 Plan | 14 |
| | 2.1.46 Plan Agent | 14 |
| | 2.1.47 Plan Objections | 14 |

2.1.48  Post-Confirmation Expenses                                    14
2.1.49  PPRF                                                          14
2.1.50  Priority Tax Claim                                            14
2.1.51  Priority Tax Holder                                           14
2.1.52  Professional                                                  14
2.1.53  Proof of Claim                                                14
2.1.54  Pro Rata                                                      14
2.1.55  Property                                                      15
2.1.56  Sale Motion                                                   15
2.1.57  Sale Order                                                    15
2.1.58  Schedules                                                     15
2.1.59  Secured Claim                                                 15
2.1.60  Secured Creditors                                             15
2.1.61  Sitlani Holdings                                              15
2.1.62  Tax                                                           15
2.1.63  Tax Claim                                                     16
2.1.64  Trustee                                                       16
2.1.65  Unclaimed Property                                            16
2.1.66  Unclaimed Property Reserve                                    16
2.1.67  United States Trustee                                         16
2.2     Exhibits                                                      16

III.  **CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**       16

A.   General Overview                                                 16
B.   Unclassified Claims                                              16
     1.   Administrative Claims                                       16
          (a) Payment Generally                                       17
          (b) Administrative Claims Bar Date                          17
          (c) Projected Administrative Claims                         17
     2.   Priority Tax Claims                                         18
C.   Classified of Claims and Interests                              18
     General Overview                                                 18
     Classes of Secured Claims                                        19
     1.   Class 1:  Allowed Secured Claims                            19
     Classes of Unsecured Claims                                      19
     1.   Class 2:  Priority Unsecured Claims                         19
     2.   Class 3:  Class of General Unsecured Claims                 20
     3.   Class 4:  Interests of the Debtor                           21

IV.  **MEANS FOR IMPLEMENTING THE PLAN**                             21

A.   Means of Performing the Plan                                     21
     1.   Funding for the Plan                                        22
     2.   The Plan Agent                                              23
     3.   Cash on Hand on the Confirmation Date                       23

V.   **TREATMENT OF MISCELLANEOUS ITEMS**                            23

A.   Avoidance Actions                                                23
B.   Disposition of Assets                                            25
C.   Compromise of Controversies                                     25
D.   Bankruptcy Court Approval Relative to Post-Confirmation Matters  25
E    Right of Setoff                                                  25

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

| | | |
|---|---|---|
| F. | Cash Payments | 26 |
| **VI.** | **DISTRIBUTIONS** | **26** |
| A. | Distributions | 26 |
| 1. | Dates of Distributions | 26 |
| 2. | Limitation of Liability | 26 |
| B. | Cancellation of Liens | 26 |
| C. | De Minimis Distributions | 27 |
| D. | Delivery of Distributions | 27 |
| E. | Undeliverable Distributions | 27 |
| F. | Disposition of Unclaimed Property | 27 |
| **VII.** | **OBJECTIONS TO CLAIMS AND DISPUTED CLAIMS** | **28** |
| A. | Objections to Claims | 28 |
| B. | Treatment of Disputed Claims | 29 |
| 1. | No Distribution Pending Allowance | 29 |
| 2. | Distribution After Allowance | 29 |
| 3. | Reserves for Disputed Claims | 29 |
| **VIII.** | **EXECUTORY CONTRACTS AND UNEXPIRED LEASES** | **30** |
| A. | Executory Contracts Assumption/Rejection | 30 |
| **IX.** | **EFFECT OF CONFIRMATION OF PLAN** | **30** |
| A. | Discharge | 30 |
| B. | Injunction | 30 |
| C. | Revesting of Property in the Debtor | 31 |
| **X.** | **LIMITATION OF LIABILITY AND RELEASES** | **31** |
| A. | No Liability for Solicitation or Participation | 31 |
| B. | Limitation of Liability | 32 |
| **XI.** | **CONDITIONS OF CONFIRMATION AND EFFECTIVENESS** | **32** |
| A. | Condition Precedent to Plan Effectiveness | 32 |
| B. | Waiver of Conditions | 32 |
| **XII.** | **RETENTION OF JURISDICTION** | **32** |
| **XIII.** | **MODIFICATION OF THE PLAN; CRAMDOWN** | **34** |
| A. | Modification of Plan | 34 |
| B. | Nonconsensual Confirmation | 35 |
| **XIV.** | **MISCELLANEOUS** | **35** |
| A. | Payment of Statutory Fees | 35 |
| B. | Payment Dates | 35 |
| C. | Other Documents and Actions | 35 |
| D. | Notices | 35 |

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

| | | |
|---|---|---|
| E. | Governing Law | 36 |
| F. | Binding Effect | 37 |
| G. | Successors and Assigns | 37 |
| H. | No Waiver | 37 |
| I. | Inconsistencies | 37 |
| J. | Exemption from Certain Transfer Taxes and Recording Fees | 37 |
| K. | Post-Confirmation Status Report | 37 |
| L. | Post-Confirmation Conversion/Dismissal | 38 |
| M. | Changes in Rates Subject to Regulatory Commission Approval | 38 |
| N. | Final Decree | 38 |

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

## I.

## **INTRODUCTION**

Serenade Newport, LLC, a California limited liability corporation (the "Debtor"), is the Debtor in this Chapter 11 bankruptcy case.  On July 11, 2025, the Debtor commenced this bankruptcy proceeding by filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

On August 14, 2025, Bryan Gadol and Darren Testa, individuals, filed a Notice and Motion to Dismiss this Bankruptcy Case for Cause as Doc. 53 (the "Dismissal Motion").  The Dismissal Motion came on for hearing on September 9, 2025.  At the hearing, the Court determined that cause existed to grant the motion and dismiss or convert the case under 11 U.S.C. section 1112(b).  However, the Court further determined that appointment of a Chapter 11 Trustee in lieu of dismissal or conversion of the case was in the best interests of the creditors and the bankruptcy estate (the "Estate").  The Court therefore entered its Order Granting Motion to Dismiss Bankruptcy for Cause (the "Dismissal Order") as Doc. 92, which authorized and directed the United States Trustee ("UST") to promptly appoint a Chapter 11 Trustee in the case.

Thereafter, on September 16, 2025, the UST filed its Notice of Appointment of Chapter 11 Trustee appointing Thomas H. Casey as chapter 11 Trustee [Doc. 95] and the Acceptance of Appointment of Chapter 11 Trustee [Doc. 96], in which Mr. Casey accepted the appointment. The same day, the UST filed its Application for Order Approving Appointment of Trustee and Fixing Bond [Doc. 97], and the Court promptly entered its Order Approving the U.S. Trustee's Application for the Appointment of a Chapter 11 Trustee approving the UST's Application and appointing Thomas H. Casey as Chapter 11 Trustee. [Doc. 98]  Since September 16, 2025, Thomas H. Casey has served and continues to serve as Chapter 11 Trustee herein.

This document is the Second Amended Chapter 11 Plan ("Plan") proposed by the Trustee (referred to hereinafter as the "Trustee" or the "Proponent").  Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

The Trustee seeks to accomplish payments under the Plan from the proceeds generated

from a sale of the Debtor's real property asset and from any other sources available in the Estate.

The Effective Date of the proposed Plan is as defined at Section II. 2.1.30 herein below, unless such day falls on a weekend or legal holiday, in which case the Effective Date shall be the first business day following such weekend or legal holiday.

At the time of the commencement of this case, the Debtor had only one asset, its ownership of a single family residence located at 1501 Serenade Terrace, Corona del Mar, CA 92625 (the "Property"). On April 30, 2026, the Trustee filed his Motion of Chapter 11 Trustee for Order: (1) Approving Sale of Real Property of the Estate, Free and Clear of Liens, Etc., as ECF Doc. No. 186 (the "Sale Motion"). On May 29, 2026, the Bankruptcy Court entered the Sale Order authorizing the Trustee to sell the Property for the sum of $8,200,000. The sale closed on June 8, 2026. After payment in full of the payoff demand of PPRF REIT LLC, holder of a first priority deed of trust encumbering the Property, the payoff demand of Sitlani Holdings, LLC/Tilokani, holder of a second priority deed of trust encumbering the Property, commissions, prorated real estate taxes, escrow and title fees and charges, and closing costs, the remaining net sale proceeds of $1,431,648.35 (the "Net Sale Proceeds") were distributed by escrow to the Trustee. This Plan governs the use and distribution of all liquid funds of the Estate, including the Net Sale Proceeds.

**II.**

**DEFINITIONS AND RULES OF INTERPRETATION**

2.1   Definitions. The following defined terms are used in this Plan. Any capitalized term that is not defined herein, but that is defined in the Bankruptcy Code or in the Bankruptcy Rules shall have the meaning ascribed to that term in the Bankruptcy Code or in the Bankruptcy Rules.

2.1.1. "Administrative Claim" means a Claim for costs and expenses of the administration of a Case under Section 503(b) or 507(a)(1) of the Bankruptcy Code, including, without limitation, a Claim of a Professional employed at the expense of the Estate and any fees or charges asserted against the Estate under 28 U.S.C. § 1930.

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

2.1.2. "<u>Administrative Tax Claim</u>" means a request by a Governmental Unit for payment of Administrative Claims for Taxes (and for interest or penalties related to such Taxes) for any tax year or period, all or any portion of which occurs within the period from and including the Petition Date through and including the Effective Date.

2.1.3. "<u>Allowed Administrative Claim</u>" means an Administrative Claim allowed pursuant to Sections 503(b) or 507(a)(1) of the Bankruptcy Code or pursuant to 28 U.S.C. § 1930.

2.1.4. "<u>Allowed Claim</u>"  means a Claim that is either (i) listed in the Schedules filed with the Bankruptcy Court by the Debtor and not listed as disputed, contingent, unliquidated or unknown as to amount and as to which no timely objection has been filed; or (ii) with respect to which a Proof of Claim has been filed within the time period fixed by the Bankruptcy Court, and as to which no objection was filed within the time period fixed by the Bankruptcy Code, the Bankruptcy Rules, the Plan or order of the Bankruptcy Court, or as to which any such objection has been determined by a Final Order.  The amount of an Allowed Claim shall be as follows: (a) if the Creditor did not file a Proof of Claim with the Bankruptcy Court on or before the applicable Bar Date, the amount of the Creditor's Claim as listed in the Schedules as neither disputed, contingent, unliquidated or unknown; or (b) if the Creditor filed a Proof of Claim with the Bankruptcy Court on or before the applicable Bar Date, (1) the amount stated in such Proof of Claim if no objection to such Proof of Claim was filed within the time period fixed by the Bankruptcy Code, the Bankruptcy Rules, the Plan or order of the Bankruptcy Court, or (2) the amount thereof as fixed by a Final Order of the Bankruptcy Court if an objection to such Proof of Claim was filed within the time period fixed by the Bankruptcy Code, the Bankruptcy Rules, the Plan or order of the Bankruptcy Court.  Any Claim that is not filed by the applicable Bar Date and that is listed as disputed, unliquidated, contingent, or unknown, or that is not allowed under the terms of the Plan, shall be zero, and no Distribution shall be made on account of such Claim.

2.1.5. "<u>Allowed Deficiency Claim</u>" means that portion of an Allowed Claim which is in excess of the value of any collateral which is security for the repayment of the Claim, calculated in accordance with the provisions of Section 506 of the Bankruptcy Code.  Unless the Creditor

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

should make an election under Section 1111(b) of the Bankruptcy Code, an Allowed Deficiency Claim is treated hereunder as a Class 11 Allowed General Unsecured Claim.

2.1.6. "Allowed General Unsecured Claim" means an unsecured Allowed Claim against the Debtor, however arising, not entitled to priority under Section 507(a) of the Bankruptcy Code and which is not secured by a perfected security interest in any asset of the Estate, or to the extent that the value of the holder's security interest in the Estate's interest in any property that stands as security for such claim is less than the amount of such Allowed Claim, determined in accordance with Section 506(a)(1) of the Bankruptcy Code, and includes a Rejection Claim.

2.1.7. "Allowed Priority Tax Claim" means an Allowed Claim provided for by Section 507(a)(8) of the Bankruptcy Code.

2.1.8. "Allowed Priority Unsecured Claim" means an unsecured Allowed Claim entitled to priority under Section 507 of the Bankruptcy Code.

2.1.9. "Allowed Secured Claim" means an Allowed Claim secured by a valid and unavoidable Lien against property in which the Estate has an interest, or which is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value, determined in accordance with Section 506(a) of the Bankruptcy Code, of the interest of the holder of such Allowed Claim in the Estate's interest in such property, or to the extent of the amount subject to any setoff, as the case may be.

2.1.10. "Avoidance Action" means any action or proceeding filed pursuant to the provisions of Sections 510, 542, 543, 544, 545, 547, 548, 549, 550 or 551 of the Bankruptcy Code, or any similar action or proceeding filed to recover property for or on behalf of an Estate or to avoid a Lien or transfer. The actions may be commenced prior to the Plan Confirmation Hearing, or post Plan confirmation.

2.1.11. "Bankruptcy Code" means Title 11, United States Code, as amended. All citations in the Plan to Section numbers are to the Bankruptcy Code, unless otherwise expressly stated herein.

2.1.12. "Bankruptcy Court" or "Court" means the United States Bankruptcy Court for the Central District of California, Santa Ana Division, which has jurisdiction over the Case and the

Estate of the Debtor, or such successor court or tribunal as may hereafter be confirmed or created by lawful authority with power to confirm reorganization plans under Chapter 11 of the Bankruptcy Code and all applicable statutes, rules and regulations pertaining thereto.

2.1.13. "Bankruptcy Rules" means, collectively, the Federal Rules of Bankruptcy Procedure, as amended, and the Local Bankruptcy Rules for use in the United States Bankruptcy Court for the Central District of California, as amended.

2.1.14. "Bar Date(s)" means the last date for Creditors whose Claims are not scheduled, or are scheduled as disputed, contingent, or unliquidated in the Debtor's Schedules to file Proofs of Claim, except for Administrative Claims other than Section 503(b)(9) Administrative Claims[1]. The Bar Date for General Unsecured Creditors was set as October 1, 2025 by Order of the Court. [Doc. 27]

2.1.15. "Business Day" means any day, other than a Saturday, a Sunday or a "legal holiday," as defined in Rule 9006(a) of the Bankruptcy Rules.

2.1.16. "Case" means the Chapter 11 case commenced by the Debtor on the Petition Date and pending before the Bankruptcy Court, designated Case No. 8:25-bk-11898-MH.

2.1.17. "Cash" means cash and cash equivalents including, but not limited to, checks or similar forms of payment or exchange.

2.1.18. "Claim" means (i) a right to payment from the Debtor, whether or not such right to payment is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.1.19. "Claims Objection Deadline" means, (i) the one hundred and eightieth (180th) day after the Effective Date; or (ii) such greater period of limitation as may be fixed or extended by the Bankruptcy Court.

---

[1] The Trustee is unaware of any Section 503(b)(9) Claims asserted against the Estate.

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

2.1.20. "Class" means the group of Claims classified in Article III of the Plan pursuant to Sections 1122 and 1123 of the Bankruptcy Code.

2.1.21. "Confirmation Date" means the date on which the Bankruptcy Court enters the Confirmation Order.

2.1.22. "Confirmation Hearing" means the hearing(s) scheduled by the Bankruptcy Court for the purpose of considering the confirmation of the Plan.

2.1.23. "Confirmation Order" means the order, as entered, of the Bankruptcy Court confirming the Plan.

2.1.24. "Creditor" means the holder of an Allowed Claim or Allowed Administrative Claim.

2.1.25.  "Debtor" means Serenade Newport, LLC.

2.1.26. "Disclosure Statement" means the Trustee's Disclosure Statement, as the same may be amended or modified from time to time.

2.1.27. "Disputed Claim" means all or any part of a Claim as to which any one of the following applies: (i) no Proof of Claim has been filed with respect to such Claim, and the Claim is listed in the Schedules as unliquidated, disputed, contingent or unknown, or; (ii) the Claim is the subject of a timely objection or request for estimation which is filed on or before the Claims Objection Deadline, which objection or request for estimation has not been withdrawn or determined by a Final Order.  In addition, prior to the earlier of (a) the Claims Objection Deadline, and (b) such date as the Bankruptcy Court allows the Claim pursuant to a Final Order, any Claim that is evidenced by a Proof of Claim shall be deemed a Disputed Claim for purposes of calculating and making any Distributions under the Plan if: (1) no Claim corresponding to the Proof of Claim is listed in the Schedules, (2) the Claim corresponding to the Proof of Claim is listed in the Schedules as disputed, contingent, unliquidated or unknown, (3) the amount of the Claim as specified in the Proof of Claim exceeds the amount of any corresponding Claim listed in the Schedules as not disputed, not contingent, and liquidated, but only to such extent, or (4) the priority or classification of the Claim as specified in the Proof of Claim differs from the priority of any corresponding Claim listed in the Schedules.

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

- 11 -

2.1.28. "Disputed Claims Reserve" means a segregated trust account for the benefit of holders of Disputed Claims, established at a financial institution that is an authorized depository under United States Trustee Guidelines, into which the Plan Agent will deposit the Distributions required by Article IV hereof.

2.1.29. "Distribution" means the Cash that is required to be distributed under the Plan to the holders of Allowed Claims.

2.1.30. "Distribution Account."  The Plan Agent shall establish a separate account at an FDIC insured bank into which all Net Sale Proceeds shall be deposited from the sale of the Debtor's real property asset.  The Plan Agent, in his discretion, may create a general operating account, separate and apart from the Distribution Account, for the purpose of satisfying fees, expenses and costs incurred in the ordinary course of the implementation of the Plan, or for the purpose of effectuating the Distributions required pursuant to the terms of this Plan.

2.1.31. "Effective Date" means a date selected by the Plan Agent which shall occur no later than the one hundred and twentieth (120th) calendar day after the Confirmation Date, unless the Bankruptcy Court authorizes an extension of the Effective Date beyond the 30th calendar day after the Confirmation Date, upon a showing of good cause therefor by the Plan Agent.  .

2.1.32. "Estate" means the Debtor's bankruptcy estate created under Section 541 of the Bankruptcy Code in the Case.

2.1.33. "Estate Claims" means any and all claims and causes of action that constitute property of the Estate including, but not limited to, any Avoidance Actions and any causes of action or claims for recovery of any amounts owing to the Debtor or the Estate by third parties or by Insiders.

2.1.34. "Final Order" means an order or judgment of the Bankruptcy Court, or of any court of competent jurisdiction where there is pending an action in which the Debtor or the Trustee is a party, as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceeding for reargument or rehearing shall then be pending or as to which any right to appeal, petition for

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

certiorari, move to reargue, or to rehear shall have been waived in writing in form and substance satisfactory to the Trustee.

2.1.35. "General Administrative Claims Bar Date" means the date by which all requests for payment of Administrative Claims, with the exception of Administrative Tax Claims, shall be filed and served upon the Trustee.

2.1.36. "General Unsecured Claim" means an unsecured Claim against the Debtor, however arising, not entitled to priority under Section 507(a) of the Bankruptcy Code. Pursuant to the terms of this Plan, General Unsecured Claims are Class 11 Claims.

2.1.37. "General Unsecured Creditor" means the holder of an Allowed General Unsecured Claim.

2.1.38. "Governmental Unit" shall have the meaning provided in Section 101(27) of the Bankruptcy Code.

2.1.39. "Initial Distribution Date" means the date on which the first Distribution is made to a Class.

2.1.40. "Insiders" includes but is not limited to the following individuals and entities: Sahand Zargari, Michael Gerro, Mordechai Ferder, Edit Ferder, Raj Mulchandani, First Capital Trust Deeds, the Daftarian Group, Jacob Wolf, the Haim Trust, Simba IL Holdings, LLC, Diamonds and Jewelry, Inc., Lugano Diamonds, and other parties to be identified by the Trustee prior to the Confirmation Hearing.

2.1.41. "Lien" means any lien, encumbrance, pledge, or other charge against property.

2.1.42. "Net Proceeds" means the proceeds generated from the pursuit of Estate Claims, net of all attorneys' fees and other costs necessary to recover such proceeds.

2.1.43. "Net Sales Proceeds." The Cash generated from the sale or liquidation of the Debtor's Property, less payment of selling expenses, brokers' commissions, closing costs, taxes, association dues, any associated expenses incurred in furtherance of such sale or liquidation, and the satisfaction of any Allowed Secured Claim(s) at close of the escrow for the sale. That amount totals $1,431,648.35.

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

2.1.44. "Petition Date" means the date on which the Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code, i.e. July 11, 2025.

2.1.45. "Plan" means the Trustee's Chapter 11 Plan, together with the exhibits thereto, if any, as the same may be amended or modified from time to time.

2.1.46. "Plan Agent" means the Trustee, who shall be designated to administer the Debtor's assets, including the liquidation of the Debtor's Property, and distribution of all net proceeds to the holders of Allowed Claims.

2.1.47 "Plan Obligations" means the proposed payments to Creditors and interest holders contemplated by the Plan.

2.1.48. "Post-Confirmation Expenses" means the fees and expenses incurred by the Plan Agent and any Court-approved professionals following the Confirmation Date (including the fees and costs of Professionals) for the purpose of (i) prosecuting and liquidating the Avoidance Actions; (ii) objecting to and resolving Disputed Claims and Disputed Liens; (iii) selling or otherwise liquidating the Debtor's Property; (iv) effectuating Distributions under the Plan; and (v) otherwise consummating the Plan and closing the Debtor's Chapter 11 Case.

2.1.49. "PPRF" means PPRF REIT, LLC, holder of a note in the original principal amount of $5,278,125.00 secured by the first deed of trust encumbering the Property.

2.1.50. "Priority Tax Claim" means any Claim provided for by Section 507(a)(8) of the Bankruptcy Code.

2.1.51. "Priority Tax Holder" means a holder of an Allowed Priority Tax Claim.

2.1.52. "Professional" means a person or entity employed by the Debtor, the Trustee, or by the Plan Agent pursuant to a Final Order of the Bankruptcy Court in accordance with Sections 327 or 1103 of the Bankruptcy Code.

2.1.53. "Proof of Claim" means a written statement filed in the Case by a Creditor in which the Creditor sets forth the amount of its Claim, in accordance with Rule 3001 of the Bankruptcy Rules.

2.1.54. "Pro Rata" means proportionately, so that with respect to any Distribution in respect of any Allowed Claim, the ratio of (i) (a) the amount of property distributed or reserved

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

on account of such Allowed Claim to (b) the amount of such Allowed Claim, is the same as the ratio of (ii) (a) the amount of property distributed or reserved on account of all Allowed Claims of the Class sharing in such Distribution to (b) the amount of all Allowed Claims in such Class.

2.1.55  "Property" means the real property located at 1501 Serenade Ter, Corona del Mar, California 92625, and all improvements thereon or thereto.

2.1.56. "Sale Motion" means the Motion of Chapter 11 Trustee for Order: (1) Approving Sale of Real Property of the Estate, Etc., filed on April 30, 2026 as ECF Doc. No. 186..

2.1.57. "Sale Order" means the Order Granting Motion of Chapter 11 Trustee for Order: (1) Approving Sale of Real Property of the Estate, Etc., entered on May 29, 2026 as ECF Doc. No. 208.

2.1.58. "Schedules" means the Schedules of Assets and Liabilities and Statement of Financial Affairs filed by the Debtor in the Case, as required by Section 521(1) of the Bankruptcy Code, Rules 1007(a)(3) and (b)(1) of the Bankruptcy Rules, and Official Bankruptcy Form No. 6, as the Schedules may have been amended from time to time.

2.1.59. "Secured Claim" means any Allowed Claim, including interest, reasonable attorneys' fees, costs, and charges, to the extent allowable pursuant to Section 506(b) of the Bankruptcy Code and the Plan, that is secured by a Lien on the Property or that is subject to recoupment or setoff under Section 553 of the Bankruptcy Code, to the extent of the value of the interest of the holder of such Secured Claim in the Debtor's interest in the Property, determined pursuant to Section 506(a) of the Bankruptcy Code.

2.1.60. "Secured Creditors" means, collectively, all Creditors holding Secured Claims, which are described in Classes 1 through 3.

2.1.61. "Sitlani Holdings" means Sitlani Holdings, LLC, holder of note in the original principal amount of $500,000 secured by a second deed of trust encumbering the Property.

2.1.62. "Tax" means any tax, charge, fee, levy, or other assessment by any federal, state, local or foreign taxing authority, including, without limitation, income, excise, property, sales, transfer, employment, payroll, franchise, profits, license, use, ad valorem, estimated, severance,

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

stamp, occupation and withholding tax.  "Tax" shall include any interest or additions attributable to, or imposed on or with respect to, such assessments.

2.1.63. "Tax Claim" means any Claim, pre-petition or post-petition, relating to a Tax.

2.1.64. "Trustee" means Thomas H. Casey, the Chapter 11 Trustee, appointed by order of the Bankruptcy Court.

2.1.65. "Unclaimed Property" means any Distribution of Cash or other property to a Creditor that is returned to the Plan Agent as undeliverable.

2.1.66. "Unclaimed Property Reserve" means a segregated account in which Unclaimed Property shall be set aside and held.

2.1.67. "United States Trustee" means the Office of the United States Trustee.

2.2     Exhibits.  All schedules and exhibits to this Plan if any, are incorporated into and are a part of this Plan as if set forth in full herein.

### III.

### CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.     General Overview.**

As required by the Bankruptcy Code, the Plan places Claims into various Classes according to their right to priority.  However, in accordance with the provisions of Section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, and Priority Tax Claims are deemed "unclassified."  These Claims are not considered impaired, and they do not vote on the Plan, because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.  As such, the Trustee has not placed these Claims in a Class.  The treatment of these unclassified Claims is as provided below.

**B.     Unclassified Claims.**

**1.     Administrative Claims.**

Administrative Claims are Claims for the expenses of administering a debtor's Case that are allowed under Bankruptcy Code Section 507(a)(2).  The Bankruptcy Code requires that all administrative claims be paid on the effective date of a Chapter 11 plan unless a particular

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

creditor agrees to a different treatment of its claim. The treatment of Administrative Claims in the Plan is as described below.

(a) **Payment Generally.**

Except to the extent that the holder of an Allowed Administrative Claim agrees to a different treatment of its Administrative Claim, each Allowed Administrative Claim shall be Paid in Full, in Cash, on the latest of (i) the Effective Date, (ii) the tenth (10th) Business Day after the date upon which such Administrative Claim becomes an Allowed Administrative Claim, or (iii) the date upon which such Allowed Administrative Claim becomes due according to its terms.

(b) **Administrative Claims Bar Date.**

Any holder of an Administrative Claim that does not file and properly serve such a request for payment by the Administrative Claims Bar Date shall be forever barred from asserting such Administrative Claim against the Debtor, the Reorganized Debtor, the Estate or any of its property, or the Trustee. Notwithstanding anything to the contrary contained in the foregoing, any Governmental Unit may assert an Administrative Tax Claim or other post-petition Tax Claim pursuant to the statutory requirements applicable thereto without regard to the General Administrative Claims Bar Date.

(c) **Projected Administrative Claims**.

The following chart is an estimate of the projected and unpaid Administrative Claims as of the Effective Date[2],to the extent known.

| Claimant | Estimated Amount |
| --- | --- |
| Clerk's Office Fees | $500.00 |
| Office of the United States Trustee | To be determined |
| Thomas H. Casey, Chapter 11 Trustee | To be determined |
| Hahn Fife & Co. – Accountants for Chapter 11 Trustee | To be determined |
| Ringstad & Sanders, LLP – Bankruptcy Counsel for Chapter 11 Trustee | To be determined |

---

[2] Based on his review of the Schedules and Claims Register, the Trustee does not believe that there are any Section 503(b)(9) Claims.

- 17 -

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

| Tim Smith of Coldwell Banker Realty – Real Estaet Broker / Agent employed by the Trustee | Paid at close of escrow |
|---|---|
| Goe Forsythe & Hodges, Bankruptcy Counsel for Debtor | To be determined |

The Court must approve all Professional fees listed in this chart.  For all fees except Clerk's Office fees and U.S. Trustee fees, the Professional in question must file and serve a properly noticed fee application and the Court must rule on the application.  Only the amount of fees allowed by the Court will be required to be paid under this Plan.  Each allowed Administrative Claim will be paid no later than 30 days following the later of the close of escrow for the sale of the Property or 30 days after allowance of the Administrative Claim.

**2.    Priority Tax Claims**.

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8).  The Code requires that each holder of such a 507(a)(8) priority tax claim receives the present value of such claim in deferred cash payments, over a period not exceeding five years from the date of the commencement of the Debtor's bankruptcy case, and in a manner not less favorable than the most favored non-priority unsecured claim provided for by this Plan. Each Priority Tax Claims will be paid no later than 30 days following the later of the close of escrow for the sale of the Property or 30 days after allowance of the Priority Tax Claim.

Only one creditor has filed a timely Priority Tax Claim, which is the Franchise Tax Board which filed Claim No. 11 asserting a priority tax claim in the amount of $800.

| Agency | Amount | Treatment |
|---|---|---|
| Franchise Tax Board | $800.00 | Paid in full on the Effective Date or within 5 business days thereafter |

**C.    Classification of Claims and Interests.**

**General Overview.**

As required by the Bankruptcy Code, the Plan places Claims into various Classes according to their right to priority and other relative rights.  A Class is "unimpaired" if the Plan leaves unaltered the legal, equitable and contractual rights to which the holders of Claims in the

- 18 -

Class are entitled, with certain exceptions specified in the Bankruptcy Code.  The Plan sets forth the treatment that each Class will receive under the Plan.

Timely Claims asserting security interests were filed by PPRF REIT, LLC holder of the recorded first priority deed of trust, and Sitlani Holdings/Tilokani, holder of the recorded second priority deed of trust.  Those claims have been paid in full from the proceeds of the sale of the Property in accordance with the Sale Order.

**Classes of Secured Claims.**

1.    **Class 1: Allowed Secured Claims.**

The principals of the Debtor, Michael John Gerro, Trustee of the MJ Gerro Trust ("Gerro") and Sahand Zargari ("Zargari"), each filed a proof of claim asserting a secured claim in the amount of $760,619.24.  However, counsel for both Gerro and Zargari has notified counsel for the Trustee that they will consider their claim as general unsecured creditors and do not assert a security interest in the remaining assets of the Estate.  This Class is therefore identified in an abundance of caution in the event that secured claim are asserted in this case that are deemed valid and timely.

**Classes of Unsecured Claims.**

1.    **Class 2:  Priority Unsecured Claims.**

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

One timely Priority Unsecured Claim has been filed which is Claim No. 11 filed by the Franchise Tax Board and asserting a priority unsecured claim in the amount of $800.  The Trustee does not intend to object to the claim of the Franchise Tax Board.

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

If sufficient funds are available to pay all allowed Class 2 Claims in full, then such Class is unimpaired.  To the extent that the Allowed Claims in Class 2 exceed the funds available for payment to the Class, the claimants in Class 2 shall receive pro rata payment of available funds.

| CLASS NO. | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 2 | Priority Unsecured Claims<br><br>Total amount of claims: $800 | NO | **Treatment:**<br><br>If the only Priority Unsecured Claim is the filed FTB claim for $800, such claim will be paid in full and the Class is Unimpaired.  If additional Priority Unsecured Claims are filed and deemed timely, the funds available for distribution after payment of Administrative Claims will be paid pro rata to the holders of Class 2 Claims and the Class is impaired to the extent funds are not available to pay the Priori Unsecured Claims in full. |

2.      **Class 3:  Class of General Unsecured Claims.**

Class 5 consists of all Allowed General Unsecured Claims not entitled to priority under Code Section 507(a).

Holders of Allowed Class 3 Claims will receive distributions on account of their Allowed Claims from the available liquid funds of the estate, after payment in full of all Allowed Secured Claims (Class 1, detailed above), all Allowed Administrative Claims asserted against the Estate, and all Allowed Class 2 Claims, and establishment of any reserves allowed by this Plan. In the event that the available funds are sufficient to pay in full the amount of Allowed Class 3 Claims, then Class 5 Claims shall be entitled to receive pro rata payments of interest on their claims from the Petition Date to the date of payment at the Federal Judgment Rate in effect on the Effective Date of the Plan.

In the event the net proceeds from the sale of the Property are insufficient to pay the Class 2 Allowed Claims in full, holders of Allowed Class 2 Claims will receive Pro-Rata Distributions on account of their Allowed Claims.

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

| CLASS NO. | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 3 | General Unsecured Claims<br><br>Total amount of claims undetermined.  = | Yes | **Treatment:**  The holders of all Allowed General Unsecured Claims shall receive Pro-Rata Distributions on Account of their Allowed Claims.<br>In the event that the available funds are sufficient to pay in full the amount of Allowed Class 3 Claims, then Class 3 Claims shall be entitled to receive pro rata payments of interest on their claims from the Petition Date to the date of payment at the Federal Judgment Rate in effect on the Effective Date of the Plan. |

### 3.      Class 4:  Interests in the Debtor.

Class 4 Holders of Interest in the Debtor consist of the Insiders holding membership interests in the Debtor LLC.  Based upon the Debtor's Schedules and its organizational documents, the Trustee believes the following are the Interest Holders of the Debtor:

| CLASS NO. | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| Class 4 | Interests in the Debtor. | Yes | **Treatment:** Class 4 consists if the equity interests of Gerro and Zargari to the extent that such claims are not treated as Class 1 or Class 3 Claims. |

The excess Net Sale Proceeds from a sale of the Property, if any, after satisfaction of all Allowed Claims asserted against the Estate in accordance with this Plan, will be distributed to the Class 6 Interest holders, pro rata.  It is not presently anticipated that there will be any funds remaining after distribution to Classes 1, 2 and 3 for a distribution to Class 4 Interests.

**IV.**

**MEANS FOR IMPLEMENTING THE PLAN**

**A.      Means of Performing the Plan.**

This article is intended to explain the means by which the Trustee intends to effectuate the distributions to creditors provided for under this Plan.  This article provides information regarding prospective corporate governance of the Reorganized Debtor, if any, funding sources for the

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

obligations of the Plan, and other material issues bearing upon the performance of the Plan.

    **1.**       **Funding for the Plan.**

THE TRUSTEE MAKES NO REPRESENTATIONS OR WARRANTIES REGARDING THE DISTRIBUTIONS TO BE RECEIVED BY GENERAL UNSECURED CREDITORS UNDER THIS PLAN ON ACCOUNT OF THEIR ALLOWED CLAIMS.  THE PROCEEDS FROM THE SALE OF THE DEBTOR'S PROPERTY AND CASH ON HAND ON THE CONFIRMATION DATE MAY BE INSUFFICIENT TO SATISFYALLOWED CLASS 5 CLAIMS IN FULL, IN WHICH CASE  ALLOWED CLASS 5 CLAIMS WILL RECEIVE PRO-RATA DISTRIBUTIONS OF CASH ON HAND AFTER SATISFACTION OF ALL OTHER ALLOWED CLAIMS, IF ANY.

The proposed payments to Creditors and interest holders contemplated by the Plan shall be collectively referred to herein as the "Plan Obligations."

The Plan Obligations will be funded from the funds available in the Estate for distribution and after provision for any reserves allowed by this Plan.

Estimated cash on hand with the Trustee at the Confirmation Date, consists almost entirely if not entirely of the Net Sale Proceeds, will provide funds to satisfy the Plan Obligations described in this Plan.

The Plan Agent shall deposit the Net Sales Proceeds into the Distribution Account, and may establish a Reserve Account for anticipated or potential administrative fees and costs, including for purposes of claims administration and pursuit of potential avoidance actions or other claims, and may also transfer funds from the Distribution Account to the Reserve account for all disputed Secured Claims and other Claims to be paid pursuant to the Plan.

THE TRUSTEE MAKES NO REPRESENTATIONS OR WARRANTIES REGARDING THE DISTRIBUTIONS TO BE RECEIVED BY GENERAL UNSECURED CREDITORS UNDER THIS PLAN ON ACCOUNT OF THEIR ALLOWED CLAIMS.  THE PROCEEDS FROM THE SALE OF THE DEBTOR'S PROPERTY AND CASH ON HAND ON THE CONFIRMATION DATE MAY BE INSUFFICIENT TO SATISFYALLOWED CLASS 5 CLAIMS IN FULL, IN WHICH CASE ALLOWED CLASS 5 CLAIMS WILL RECEIVE PRO-

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

RATA DISTRIBUTIONS OF CASH ON HAND AFTER SATISFACTION OF ALL OTHER ALLOWED CLAIMS, IF ANY.

### 2.      The Plan Agent.

Following confirmation of the Plan, the Trustee shall serve as the Plan Agent.  The Plan Agent will be responsible for carrying out the terms of this Plan.

Legal representation of the Plan Agent will be provided by Ringstad & Sanders, LLP ("R&S"), the law firm presently representing the Trustee, and which firm will provide legal services to the Plan Agent in his efforts to ensure that the goals of this Plan are fully achieved. The Plan Agent will further utilize the accounting services of Hahn Fife & Co. ("Hahn Fife"). R&S and Hahn Fife will be entitled to receive payment on an ongoing basis for their services from the funds in the possession of the Plan Agent.  Prior to entry of a final decree, the Plan Agent, R&S, and Hahn Fife shall file fee applications and obtain court approval of their fees and expenses and shall disgorge any funds not awarded.   The final compensation of the Trustee and the Plan Agent combined will not, in any event, exceed the maximum compensation that would be payable to a trustee pursuant to 11 U.S.C. § 326.

All compensation of the Plan Agent and any professionals engaged by the Plan Agent shall be paid from funds that otherwise would be distributed to Class 2 Priority Unsecured, Class 3, General Unsecured Creditors, and Class 4, Interest Holders under the Plan.  The Plan Agent may create a reserve from such funds, in the Plan Agent's discretion, to pay for anticipated future fees and expenses prior to any distribution to Class Priority Unsecured and General Unsecured Creditors.

### 3.      Cash on Hand on the Confirmation Date.

The Cash on hand with the Trustee as of the Confirmation Date shall be deposited by the Plan Agent in the Distribution Account.

### V.

### TREATMENT OF MISCELLANEOUS ITEMS

A.      **Avoidance Actions**.

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**THE TRUSTEE HAS NOT DETERMINED WHETHER THE ESTATE HOLDS ANY AVOIDANCE CLAIMS.  THIS INVESTIGATION IS ONGOING AND ANY AVOIDANCE CLAIMS THAT MAY EXIST WILL, IN LARGE PART, BE COMMENCED AFTER THE CONFIRMATION DATE.  AS A RESULT, ALL PARTIES-IN-INTEREST ARE HEREBY ADVISED THAT, NOTWITHSTANDING THE FACT THAT THE EXISTENCE OF ANY PARTICULAR AVOIDANCE ACTION OR OTHER ESTATE CLAIM MAY NOT BE LISTED, DISCLOSED OR SET FORTH IN THE PLAN, AN AVOIDANCE ACTION OR OTHER ESTATE CLAIM MAY BE FILED AGAINST ANY CREDITOR OR OTHER PARTY AT ANY TIME.**

Notwithstanding anything to the contrary herein, one hundred percent (100%) of any Net Proceeds recovered, either before or after the Effective Date, from prosecution or settlement of Avoidance Action claims shall be paid in the following Order:  (i) first, to satisfy any unpaid professional fees incurred in prosecuting the Avoidance Action(s); (ii) second, to fees of the Plan Agent and any professionals employed by the Plan Agent; (iii) third, to Creditors holding Allowed Administrative Claims, based on the pro rata share of such Claims, up to an amount that, in conjunction with other payments made to these Creditors under the Plan, renders such Creditors Paid in Full; (iv) fourth, to Creditors holding Allowed Priority Tax Claims, up to an amount that, in conjunction with other payments made to these Creditors under the Plan, renders such Creditors Paid in Full; (v) fifth, to Creditors holding Class 2 Allowed Priority Unsecured Claims, up to an amount that, in conjunction with other payments made to these Creditors under the Plan, renders such Creditors Paid in Full; (vi) sixth, to Allowed Class 3 General Unsecured claims, up to an amount that, in conjunction with other payments made to these Creditors under the Plan, renders such Creditors Paid in Full; and, (vii) seventh, pro rata to Allowed Class 4 Interest Holders.  Within three Business Days after the Plan Agent receives any such Net Proceeds, the Plan Agent shall deposit such proceeds into the Net Sales Proceeds Account for the benefit of the foregoing from which no disbursements shall be made except for the purpose of funding Distributions hereunder to the foregoing Creditors.  The Plan Agent shall use the funds held in this account to make distributions pursuant to the terms of the Plan.  Allowed Claims of

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

the foregoing Creditors shall be credited by the amount of Net Proceeds paid to the Creditors on account of such Claims.

**B.** **Disposition of Assets.**  From and after the Effective Date, the Plan Agent may but is not required to provide notice to Creditors, or seek or obtain Court Approval, in order to sell, transfer, encumber or otherwise dispose of any interest in any of the Estate's assets.

**C.** **Compromise of Controversies.**  From and after the Effective Date, the Plan Agent shall be entitled to compromise any objections to Disputed Claims, or any controversies relating to Post-Confirmation Estate Claims, Avoidance Actions or other litigation pending after the Confirmation Date without the need for notice to Creditors or approval of the Bankruptcy Court, although nothing herein precludes the Plan Agent from seeking such approval.

**D.** **Bankruptcy Court Approval Relative to Post-Confirmation Matters.**  Nothing contained in the Plan shall be deemed to impair in any manner the right of the Plan Agent or any party-in-interest to seek at any time after the Effective Date orders of the Bankruptcy Court approving actions to be taken consistent with the Plan as may be necessary or desirable to effectuate the provisions of the Plan.

**E.** **Right of Setoff.**  Pursuant to Section 553 of the Bankruptcy Code or applicable non-bankruptcy law, the Plan Agent may set off against any Allowed Claim or Distribution to be made pursuant to the Plan on account of such Allowed Claim (before any Distribution is made on account of such Allowed Claim), any account stated, claim, right, or cause of action which the Debtor or the Estate may possess against the holder of such Allowed Claim; provided, however, that neither the failure to effect such a setoff nor the allowance of any Claim shall constitute a waiver or release by the Trustee, the Estate, or the Plan Agent of any such account, claim, right, or cause of action that the Estate may possess against the holder of such Allowed Claim.  To the extent that the Plan Agent or Trustee in allowing a Claim fails to effect a setoff with a Creditor and seeks to collect a claim from such Creditor after a Distribution to such Creditor pursuant to the Plan, Estate shall be entitled to full recovery on its claim against such Creditor, notwithstanding any payment of the Creditor's Allowed Claim pursuant to the Plan.

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

In accordance with the provisions of Section 553 of the Bankruptcy Code, the Internal Revenue Service shall be entitled to set off against any amounts that the Internal Revenue Service may owe to the Estate on account of overpayments by the Debtor of pre-confirmation taxes any pre-confirmation tax liabilities that the Debtor may owe to the Internal Revenue Service.

**F.**     **Cash Payments.**  Cash payments made pursuant to the Plan shall be in United States dollars by checks drawn on a domestic bank selected by the Plan Agent or by wire transfer from a domestic bank, at the option of the Plan Agent.

**VI.**

**DISTRIBUTIONS**

**A.**     **Distributions.**

**1.**     **Dates of Distributions**.  Any Distribution required to be made on the Effective Date shall be deemed timely if made as soon as practicable after the Effective Date and, in any event, within fifteen (15) days after the Effective Date.  Any Distribution required to be made upon a Disputed Claim becoming an Allowed Claim and no longer being a Disputed Claim shall be deemed timely if made as soon as practicable thereafter but, in any event, within fifteen (15) days thereafter.

**2.**     **Limitation on Liability**.  Neither the Plan Agent nor his Professionals shall be liable for (i) any acts or omissions (except for willful misconduct) in connection with implementing the Distribution provisions of the Plan and the making or withholding of Distributions pursuant to the Plan, or (ii) any change in the value of Distributions made pursuant to the Plan resulting from any delays in making such Distributions in accordance with the terms of the Plan (including, but not limited to, any delays caused by the resolution of Disputed Claims).

**B.**     **Cancellation of Liens**.  Except as otherwise provided herein, any Lien securing any Secured Claim shall be deemed released and discharged, and the Creditor holding such Secured Claim shall be authorized and directed to release any collateral or other property of the Debtor (including, without limitation, any cash collateral) held by such Creditor and to take such actions as may be reasonably requested by the Plan Agent to evidence the release of such Lien,

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

- 26 -

including, without limitation, by the execution, delivery and filing or recording of such releases as may be requested by the Plan Agent.

**C.**   **De Minimis Distributions.**   The Plan Agent is not required to make any Cash distribution of less than $10.00, but may do so in the sole discretion of the Plan Agent.   Whenever payment of a fraction of a dollar (cents) would otherwise be called for, the actual payment shall reflect a rounding down of such fraction to the nearest whole dollar.   Any Cash or other property that is not distributed as a consequence of this section shall, after the last Distribution on account of Allowed Claims in the applicable Class, be treated as Unclaimed Property under the Plan.

**D.**   **Delivery of Distributions.**   Except as provided in the Plan with respect to Unclaimed Property, Distributions to holders of Allowed Claims and Allowed Administrative Claims shall be distributed by mail as follows:  (i) with respect to each holder of an Allowed Claim that has filed a Proof of Claim, at the address for such Creditor reflected in such Proof of Claim; (ii) with respect to each holder of an Allowed Claim that has not filed a Proof of Claim, at the address reflected on the Schedules filed by the Debtor; provided, however, that, if the Plan Agent has received a written notice of a change of address for such Creditor, the address set forth in such notice shall be used; or (iii) with respect to each holder of an Allowed Administrative Claim, at such address as the holder thereof may specify in writing.

**E.**   **Undeliverable Distributions.**   No further distribution of Unclaimed Property shall be made to a Creditor unless and until the Plan Agent is notified in writing of such Creditor's then current address.   Subject to the provisions of Section F hereof, Unclaimed Property shall remain in the possession of the Plan Agent and shall be set aside and held in the Unclaimed Property Reserve to be maintained by the Plan Agent until such time as the subject Distribution becomes deliverable.   Nothing contained in the Plan shall require the Plan Agent or any other person to attempt to locate such Creditor.

**F.**   **Disposition of Unclaimed Property**.   If the Creditor entitled to a Distribution of Unclaimed Property notifies the Plan Agent of such Creditor's claim to the Distribution of such Unclaimed Property within 120 days following a Distribution, the Unclaimed Property distributable to such Creditor shall be released from the Unclaimed Property Reserve and paid to

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

such Creditor within fifteen (15) days thereof.  Any Holder of an Allowed Claim or Allowed

Administrative Claim that does not assert a claim in writing for Unclaimed Property held by the

Plan Agent within 120 days following a Distribution shall no longer have any claim to or interest

in such Unclaimed Property, and shall be forever barred from receiving any Distributions under

the Plan or otherwise from the Estate.  In such cases, any such Unclaimed Property shall be

retained by the Plan Agent, shall not be subject to the unclaimed property or escheat laws of any

state or other governmental unit, and shall be distributed on account of Allowed General

Unsecured Claims at the time when the succeeding Distribution is to be paid to General

Unsecured Creditors pursuant to the Plan, or if General Unsecured Creditors have been Paid in

Full, distributed to Class 6 Interest Holders.

**VII.**

**OBJECTIONS TO CLAIMS AND DISPUTED CLAIMS**

**A.     Objections to Claims**.  The Plan Agent shall have the right but not the obligation

to file objections to Claims or prosecute any such objections pending as of the time of his

appointment.  Unless another date is established by order of the Bankruptcy Court, any objection

to a Claim shall be filed with the Bankruptcy Court and the Creditor holding such Claim on or

before the applicable Claims Objection Deadline.  The Plan Agent shall have the right to request

that the Bankruptcy Court extend the Claims Objection Deadline.

Notwithstanding the fact that the Plan Agent shall have the right to file, litigate, and settle

objections to Disputed Claims on behalf of the Estate, nothing contained herein shall be deemed

to obligate the Plan Agent to take any such actions, all of which shall be determined by the Plan

Agent in his sole and absolute discretion.  Creditors and the Debtor shall also retain standing to

object to a claim of another Creditor.  No settlement of any objection to a Claim may be made

without the express written consent of the Plan Agent.  If the Plan Agent objects to a proposed

settlement of an objection to a Claim, then the settling parties may by notice and a hearing request

approval by the Court of the proposed settlement, and the Plan Agent may appear and be heard on

such matter.

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**THE TRUSTEE HAS NOT FULLY REVIEWED THE CLAIMS IN THE CASE OR DETERMINED WHETHER OBJECTIONS TO CLAIMS EXIST.  THIS INVESTIGATION IS ONGOING AND MAY CONTINUE AFTER THE CONFIRMATION DATE.  AS A RESULT, CREDITORS AND OTHER PARTIES-IN-INTEREST ARE HEREBY ADVISED THAT, NOTWITHSTANDING THAT THE EXISTENCE OF ANY PARTICULAR OBJECTION TO A DISPUTED CLAIM MAY NOT BE LISTED, DISCLOSED OR SET FORTH IN THE PLAN, AN OBJECTION TO A CLAIM MAY BE FILED AGAINST ANY CREDITOR OR PARTY-IN-INTEREST AT ANY TIME, SUBJECT TO THE CLAIMS OBJECTION DEADLINE.  THE TRUSTEE HEREBY RESERVES THE RIGHT TO OBJECT TO AMOUNTS THAT HAVE BEEN SCHEDULED BY THE DEBTOR, OR REFLECTED IN THE DEBTOR'S BOOKS AND RECORDS, AND WHICH ARE FOUND TO BE OBJECTIONABLE IN ANY RESPECT.**

**B.      Treatment of Disputed Claims**.

**1.      No Distribution Pending Allowance**.  If any portion of a Claim is a Disputed Claim, whether such Claim is a Secured Claim, an Administrative Claim, a Priority Claim or a General Unsecured Claim, no Distribution provided for under the Plan shall be made on account of such Claim unless and until such Claim becomes an Allowed Claim and is no longer a Disputed Claim.

**2.      Distribution After Allowance.**  Within fifteen (15) days following the date on which a Disputed Claim becomes an Allowed Claim and is no longer a Disputed Claim, the Plan Agent shall distribute to the Creditor holding such Allowed Claim any Cash that would have been distributable to such Creditor if, at the time of the making of any Distribution to the Class of which such Creditor is a member, such Claim had been an Allowed Claim and not a Disputed Claim.

**3.      Reserves for Disputed Claims.**  In the event that a Disputed Claim is pending on any Distribution Date, the Plan Agent shall establish a Disputed Claims Reserve, and maintain a reasonable reserve necessary to pay such Disputed Claim.  No disbursement of funds from the Disputed Claims Reserve shall be made on account of a Disputed Claim until such Disputed

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Claim has been determined by a Final Order of the Bankruptcy Court.  In the event that any Disputed Claim is ultimately disallowed by the Bankruptcy Court, the amount reserved for such disallowed Disputed Claim, shall be distributed on account of Allowed General Unsecured Claims at the time when the succeeding Distribution is to be paid to General Unsecured Creditors, or distributed to Class 4 interest holders if all Plan Obligations and post Confirmation obligations of the Plan Agent have been satisfied in full.

## VIII.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### A.    Executory Contracts Assumption/Rejection.

The Trustee may seek approval of the assumption or rejection of any executory contract or unexpired lease by notice to the counterparty to the contract at least two weeks before the confirmation hearing.  The Court may determine whether to approve the assumption or rejection of such executory contract or unexpired lease at the confirmation hearing.  The Order of the Court confirming the Plan shall constitute an Order approving or disapproving, as the case may be, the assumption or rejection of each such assumed or rejected lease or executory contract.

## IX.

## EFFECT OF CONFIRMATION OF PLAN

Confirmation of the Trustee's Plan will have, in part, the following effects.

**A.    Discharge.**  In accordance with Section 1141(d)(3), the Debtor will not receive any discharge of debt in this Case as the Plan provides for the liquidation of all or substantially all of the property of the Estate, and the Debtor will not engage in business after consummation of the Plan.

**B.    Injunction.**  Except as otherwise expressly provided in the Plan, or in the Confirmation Order, on and after the Effective Date, all Claims will be discharged pursuant to the terms of the Plan (including but not limited to states and other governmental units, and any state official, employee, or other entity acting in an individual or official capacity on behalf of any state or other governmental units) and will be permanently enjoined from the following: (i) taking any of the following actions on account of any such discharged Claim or Interest: (a)

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

commencing or continuing in any manner any action or other proceeding against the Debtor or the Estate, its successors, or its property; (b) enforcing, attaching, executing, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor or the Estate, its successors, or its property; (c) creating, perfecting, or enforcing any Lien against the Debtor or the Estate, its successors, or its property; (d) asserting any set off, right of subrogation, or recoupment of any kind against any obligation due to the Debtor or the Estate, its successors, or its property; (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan; and (ii) taking any action on account of any claims or rights of action that are revested in, or transferred to the Estate or the Plan Agent as of the Effective Date or under the Plan (to the extent that the Estate first held such claim or right of action or held the right to assert such claim or right of action after the Petition Date), including, without limitation, commencing or continuing in any manner any Avoidance Action (i.e., no party may pursue any avoidance claims, except for the Plan Agent, or as otherwise provided by the Plan). Any person or entity injured by any willful violation of such injunction will recover its actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages from the willful violator.

**C.**    **Revesting of Property in the Debtor.**

The confirmation of the Plan does not revest any of the property of the Estate in the Debtor or any other party, absent a subsequent request of the Plan Agent, and approval of the Bankruptcy Court.

**X.**

**LIMITATION OF LIABILITY AND RELEASES**

**A.**    **No Liability for Solicitation or Participation.**  As specified in Section 1125(e) of the Bankruptcy Code, entities that solicit acceptances or rejections of the Plan or that participate in the offer, issuance, sale, or purchase of securities offered or sold under the Plan, in good faith and in compliance with the applicable provisions of the Bankruptcy Code, will not be liable, on

account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer, issuance, sale, or purchase of securities.

**B.** **Limitation of Liability.** Effective as of the Effective Date, neither the Trustee, the Plan Agent, the Debtor, nor any of their respective members, officers, directors, employees and other agents, advisors and Professionals will have or incur any liability to any Creditor or to any other person for any act or omission in connection with or arising out of the negotiation, preparation and pursuit of confirmation of the Plan, the approval of the Disclosure Statement, the consummation of the Plan, the administration of the Plan, the Case or the property to be distributed under the Plan, to the fullest extent permitted by applicable statutory and case law.

**XI.**

**CONDITIONS TO CONFIRMATION AND EFFECTIVENESS**

**A.** **Condition Precedent to Plan Effectiveness.** As a condition precedent to the effectiveness of the Plan and the occurrence of the Effective Date, the Confirmation Order must become a Final Order. In the event that an appeal, petition for certiorari or motion for reargument or rehearing or comparable post-confirmation relief is filed with respect to the Confirmation Order, and no stay of the effectiveness of the Confirmation Order is obtained, the Trustee or Plan Agent may elect, in the exercise of his sole and absolute discretion, to proceed with the Effective Date of the Plan and to commence to consummate the Plan, by filing and serving upon parties who requested notice, notice of such election.

**B.** **Waiver of Conditions.** Conditions precedent to Plan Effectiveness may be waived by the Trustee or Plan Agent without notice, leave or order of the Bankruptcy Court, and without any formal action other than proceeding to obtain the Confirmation Order and to consummate the Plan.

**XII.**

**RETENTION OF JURISDICTION**

Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court will retain jurisdiction over the Case and any of the proceedings

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

arising from, or relating to, the Case pursuant to Section 1142 of the Bankruptcy Code and 28

U.S.C. § 1334 to the fullest extent permitted by the Bankruptcy Code and other applicable law,

including, without limitation, such jurisdiction as is necessary to ensure that the purposes and

intent of the Plan are carried out.  Without limiting the generality of the foregoing, the

Bankruptcy Court will retain jurisdiction for the following purposes:

A.      To hear and determine any and all objections to the allowance, or requests for

estimation, of Claims or the establishment of reserves pending the resolution of Disputed Claims;

B.      To consider and act on the compromise and settlement of any Claim against, or

cause of action on behalf of, the Estate, including, without limitation, any Avoidance Action;

C.      To hear and determine any motions pending on the Effective Date to assume,

assume and assign or reject any executory contract or unexpired lease and to determine the

allowance of any Claim resulting therefrom;

D.      To enter such orders as may be necessary or appropriate in connection with the

recovery or liquidation of the Debtor's assets, wherever located;

E.      To hear and determine any and all applications for allowance of compensation and

reimbursement of expenses of Professionals;

F.      To hear and determine any and all controversies, suits and disputes arising under

or in connection with the interpretation, implementation, or enforcement of the Plan and any of

the documents intended to implement the provisions of the Plan or any other matters to be

resolved by the Bankruptcy Court under the terms of the Plan;

G.      To hear and determine any motions or contested matters involving Taxes, tax

refunds, tax attributes and tax benefits and similar and related matters with respect to the Debtor

or the Estate, including, without limitation, matters involving federal, state, and local Taxes in

accordance with Sections 346, 505 and 1146 of the Bankruptcy Code;

H.      To hear and determine any and all applications, adversary proceedings and

contested matters pending on the Effective Date or that may be commenced after the Effective

Date as provided in the Plan;

I.      To effectuate Distributions under, and performance of, the provisions of the Plan;

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

J.     To hear and determine any motion to modify any provision of the Plan after confirmation of the Plan, and, if in the best interests of the Estate and/or Creditors, modification of the Plan even after the Plan has been substantially consummated;

K.     To correct any defect, cure any omission or reconcile any inconsistency in the Plan, the exhibits to the Plan or the Disclosure Statement and any documents executed in connection with the Plan, or any order of the Bankruptcy Court, including the Confirmation Order, as may be necessary to carry out the purposes and intent of the Plan;

L.     To determine such other matters as may be provided for in the Confirmation Order or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law;

M.     To enforce all orders, judgments, injunctions, and exculpations issued or entered in connection with the Case or the Plan;

N.     To enter such orders as may be necessary or appropriate in aid of confirmation and to facilitate implementation of the Plan, including, without limitation, any orders as may be appropriate in the event that the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

O.     To determine any other matter not inconsistent with the Bankruptcy Code; and,

P.     To issue a final decree closing the Case.

**XIII.**

**MODIFICATION OF THE PLAN; CRAMDOWN**

**A.     Modification of the Plan.**  At any time prior to the confirmation of the Plan, the Trustee may supplement, amend, or modify the Plan, provided that after the voting with respect to the Plan, the Trustee will not make any modifications to the Plan which affect materially and adversely the interests of General Unsecured Creditors under the Plan.  The Trustee will provide to all creditors and the Debtor notice of any such modification of the Plan, and an opportunity to be heard thereon.  After confirmation of the Plan,  the Plan Agent may (i) apply to the Bankruptcy Court to modify the Plan, notwithstanding any substantial consummation of the Plan if in the best

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

- 34 -

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

interests of the Debtor and Creditors; and (ii) apply to the Bankruptcy Court to remedy defects or omissions in the Plan or to reconcile inconsistencies in the Plan.

**B.**    **Nonconsensual Confirmation.**  In the event that any impaired Class of Claims should fail to accept the Plan in accordance with Section 1129(a)(8) of the Bankruptcy Code, the Trustee (i) may request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code, and (ii) may modify the Plan in accordance with Section 1127(a) of the Bankruptcy Code.

## XIV.

## MISCELLANEOUS

**A.**    **Payment of Statutory Fees.**  All quarterly fees due and payable to the United States Trustee pursuant to 28 U.S.C. 1930(a)(6) will be paid in full on or before the Effective Date, or, to the extent such quarterly fees are disputed, an adequate reserve will be established and set aside for payment in full thereof, as required by Section 1129(a)(12) of the Bankruptcy Code.  The Confirmation Order may provide for the conversion of the case to one under Chapter 7 and the Plan Agent will comply with any reporting requirements of the United States Trustee, and the payment of any statutory fees at the conclusion of the Case.

**B.**    **Payment Dates.**  Whenever any Distribution to be made under the Plan becomes due on a day other than a Business Day, such Distribution instead will be made, without interest, on the immediately following Business Day.

**C.**    **Other Documents and Actions.**  The Plan Agent may execute such other documents and take such other actions as may be necessary or appropriate to effectuate the transactions contemplated under the Plan.

**D.**    **Notices.**  Except as expressly set forth herein to the contrary, all notices and requests in connection with the Plan must be in writing and must be hand delivered or sent by electronic mail, with a copy sent by first-class mail, addressed to:

**TO THE DEBTOR:**

Serenade Newport, LLC
Attn: Sahand Zagari
500 N. State College Blvd., Suite 1100
Orange, CA 92868
Email address: zargarienterprises@gmail.com

**WITH A COPY TO:**

Robert P. Goe, Esq.
Goe Forsythe & Hodges LLP
17701 Cowan, Lobby D, Suite 210
Suite 600
Irvine, CA 92614
Email address: rgoeforlaw.com

**TO THE TRUSTEE OR THE PLAN AGENT:**

Thomas H. Casey
26400 La Alameda, Suite 210
Mission Viejo, CA 92691
Email address: tom@tomcaseylaw.com

**WITH A COPY TO:**

Todd C. Ringstad, Esq.
Ringstad & Sanders, LLP
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
Email address: todd@ringstadlaw.com

All notices to any Creditor will be sent to it at its last known address or to the last known address of its attorney of record. Any such person may designate in writing, and file with the Court, any other address for purposes of this paragraph, which designation will be effective on receipt thereof by the Trustee or Plan Agent, or the Debtor.

**E.** **Governing Law.** Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of the State of California (without reference to its conflict of law rules) will govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, unless otherwise specifically provided in such agreements, documents, or instruments.

- 36 -

**F.    Binding Effect.**  The Plan and all rights, duties and obligations thereunder will be binding upon and inure to the benefit of the Debtor, the Estate, Creditors, the Trustee, the Plan Agent, and their respective successors and assigns.

**G.    Successors and Assigns.**  The rights, benefits, and obligations of any entity named or referred to in the Plan will be binding on, and will inure to the benefit of, the heirs, executors, administrators, successors, and assigns of such entity.

**H.    No Waiver.**  The failure of the Trustee, the Plan Agent, or any other entity to object to any Claim for purposes of voting will not be deemed to be a waiver of any right to object to or examine such Claim, in whole or in part.

**I.    Inconsistencies.**  In the event that the terms or provisions of the Plan are inconsistent with the terms and provisions of the exhibits to the Plan, any document executed in connection with the Plan, the Disclosure Statement, or the exhibits to the Disclosure Statement, the terms of the Plan will control.

**J.    Exemption from Certain Transfer Taxes and Recording Fees.**  Pursuant to Section 1146(c) of the Bankruptcy Code, any transfers from the Estate, the Trustee, or the Plan Agent to the any person or entity pursuant to, or implemented by, the Plan will not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment.  The Confirmation Order will direct the appropriate state or local governmental officials or agents to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

**K.    Post-Confirmation Status Report.**  Within 180 days following the entry of the Confirmation Order, the Plan Agent will file with the Bankruptcy Court a status report explaining the progress made toward consummation of the Plan.  The status report will be served on the United States Trustee, the Debtor, if applicable, and any parties who file a request for special

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

notice of post-confirmation matters. Unless otherwise ordered by the Bankruptcy Court, further status reports will be filed every 180 days and served on the same entities.

L. **Post-Confirmation Conversion/Dismissal.** A Creditor or other party in interest may file a motion to convert or dismiss the Case under Section 1112(b) if there is a default by the Plan Agent in performing the Plan. The Plan Agent reserves the right to object to any such motion for conversion or dismissal and to appear and be heard on such matter and any hearing on such matter.

M. **Changes in Rates Subject to Regulatory Commission Approval.** The Trustee is informed and believes that the Debtor is not subject to governmental regulatory commission approval of its rates.

N. **Final Decree.** Once the Plan has been fully consummated or administered as referred to in Bankruptcy Rule 3022, the Plan Agent may file a motion with the Court to obtain a final decree to close the Case. If the case is converted to one under Chapter 7, either pre- or post-confirmation, the Plan Agent/Chapter 7 Trustee will file a proposed trustee's final report for approval by the Court and closure of the Case.

Dated: June 30, 2026

Thomas H. Casey, Chapter 11 Trustee,
Serenade Newport, LLC

Dated: June 30, 2026

Respectfully Submitted,
RINGSTAD & SANDERS, LLP

By: /s/ Todd C. Ringstad
    Todd C. Ringstad
Counsel for Thomas H. Casey,
Chapter 11 Trustee

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
23101 Lake Center Drive, Suite 355, Lake Forest, Ca 92630.

A true and correct copy of the foregoing documents entitled (*specify*): **SECOND AMENDED CHAPTER 11 PLAN**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 30,
2026  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following
persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com**
- **Anthony Bisconti    tbisconti@bklwlaw.com,
  1193516420@filings.docketbird.com,docket@bklwlaw.com**
- **Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net**
- **Matthew Tyler Davis    tdavis@kbkllp.com**
- **George Gerro    george@gerrolaw.com**
- **Robert P Goe    rgoe@goeforlaw.com,
  kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston
  @goeforlaw.com**
- **Christopher J Harney    charney@tocounsel.com, kmanson@tocounsel.com**
- **Paul Jasper    pjasper@perkinscoie.com, david.kline@rimonlaw.com**
- **Steven J. Katzman    skatzman@bklwlaw.com,
  1193516420@filings.docketbird.com,docket@bklwlaw.com**
- **Maxim B Litvak    mlitvak@pszjlaw.com**
- **Bahram Paya    brian.paya@payafirm.com**
- **Charles Pernicka    charles@opuslawfirm.com**
- **Todd C. Ringstad     becky@ringstadlaw.com, arlene@ringstadlaw.com**
- **Matthew Rosene    mrosene@epgrlawyers.com**
- **Traci L Shafroth    tshafroth@kbkllp.com, staff@kbkllp.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
- **David B Zolkin    dzolkin@wztslaw.com,
  maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will
be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 30, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Personal Delivery
Honorable Mark D. Houle
U.S. Bankruptcy Court, Ronald Reagan Federal Building,
411 W. Fourth St., Suite 6135,
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 30, 2026 | Becky Metzner | /s/ Becky Metzner |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**