Robert P. Goe – State Bar No. 137019
**GOE FORSYTHE & HODGES LLP**
17701 Cowan
Building D, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
Telephone: (949) 798-2460
Facsimile: (949) 955-9437

Attorneys for Debtor, Serenade Newport, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>**SERENADE NEWPORT, LLC,**<br><br>Debtor. | Case No. 8:25-bk-11898-MH<br><br>Chapter 11 Proceeding<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING THE ABANDONMENT OF THE ESTATE'S INTEREST IN CERTAIN PERSONAL PROPERTY; DECLARATION OF ROBERT P. GOE IN SUPPORT THEREOF**<br><br>**[No hearing required pursuant to Local Bankruptcy Rule 9013-1(o)(1)]** |

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, THOMAS H. CASEY, CHAPTER 11 TRUSTEE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Debtor, Serenade Newport, LLC ("Debtor") in the above-captioned case hereby moves this Court for an order pursuant to 11 U.S.C. Section 554(b) ("Motion") compelling the Chapter 11 Trustee, Thomas H. Casey ("Trustee") to abandon the interest of the bankruptcy estate ("Estate") in the certain personal property listed on Debtor's Schedule B, Part 11 at No. 74, "Claim against California Best Title Company, Inc." ("Title Claim").

GOE FORSYTHE & HODGES LLP
17701 Cowan
Building D, Suite 210
Irvine, CA 92614

This motion ("Motion") is based on this Notice of Motion, the Memorandum of Points and Authorities and the attached Declaration of Robert P. Goe ("Goe Declaration"). This Motion is made on the factual grounds that the Title Claim is not part of the plan of reorganization proposed by the Trustee, the Trustee does not oppose the relief sought in the Motion, the Title Claim is of inconsequential value, no benefit, and is burdensome to the Estate, and therefore, abandonment should be ordered.

**PLEASE TAKE FURTHER NOTICE** that your rights may be affected by this Motion. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

**PLEASE TAKE FURTHER NOTICE THAT** this Motion is based upon this Notice, the Memorandum of Points and Authorities accompanying the Motion, the Goe Declaration, the arguments of counsel, the record in this case, all other matters of which this Court may take judicial notice, and other admissible evidence properly brought before the Court in connection with this Motion.

**PLEASE TAKE FURTHER NOTICE THAT** this Motion is being filed and served pursuant to Local Bankruptcy Rule 9013-1(o)(1). Any response and request for a hearing must be filed with the Court and served on the Trustee and the United States Trustee within 14 days after the date of service of this Notice. Failure to file a timely response to the Motion may be deemed to be consent to the granting of the Motion. *See* LBR 9013-1(h).

**IF YOU DO NOT OPPOSE THE MOTION, YOU NEED TAKE NO FURTHER ACTION. IF YOU OBJECT TO THE MOTION, PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o)(1), OBJECTIONS AND A WRITTEN REQUEST FOR HEARING MUST BE FILED WITH THE COURT WITHIN 14 DAYS OF THE DATE OF SERVICE OF THIS NOTICE. YOU MUST FILE YOUR OBJECTION AND REQUEST FOR A HEARING WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701. YOU MUST SERVE A COPY OF YOUR OBJECTION TO THE MOTION AND REQUEST FOR A HEARING ON THE DEBTOR'S COUNSEL AT THE ADDRESS INDICATED IN**

**THE UPPER LEFT-HAND CORNER OF THIS NOTICE, AND UPON THE OFFICE OF THE UNITED STATES TRUSTEE LOCATED AT 411 WEST FOURTH STREET, SUITE 9041, SANTA ANA, CA 92701. UPON RECEIPT OF A WRITTEN OBJECTION AND REQUEST FOR A HEARING, THE DEBTOR'S COUNSEL WILL OBTAIN A HEARING DATE AND GIVE APPROPRIATE NOTICE THEREOF. ANY FAILURE TO TIMELY FILE AND SERVE OBJECTIONS MAY RESULT IN ANY SUCH OBJECTIONS BEING WAIVED.**

Dated: August 21, 2026

**GOE FORSYTHE & HODGES LLP**

By: */s/Robert P. Goe*
Robert P. Goe
Counsel for Debtor, Serenade Newport, LLC

GOE FORSYTHE & HODGES LLP
17701 Cowan
Building D, Suite 210
Irvine, CA 92614

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Debtor filed the instant Case after it discovered, post-sale closing, various litigation claims were being asserted against its real property located at 1501 Serenade Terrace, Corona del Mar, CA 92625 (the "Property"). After the escrow closed on the Debtor's purchase of the Property, Debtor discovered that creditors of the Property's prior owner had filed suit and were seeking to record various liens against the Property. The preliminary title report at the time of Debtor's purchase of the Property did not list or reflect any writs of attachment, lis pendens, temporary protective orders, or pending actions. As such, Debtor made the Title Claim against its title company related to these litigation claims. Debtor then filed this Case and listed the Title Claim against the title company as an asset on its schedules. Because the chapter 11 trustee does not intend to pursue the Title Claim against the title company and does not oppose abandonment, Debtor seeks abandonment.

## II. STATEMENT OF FACTS

1. Debtor commenced the Case by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on July 11, 2025 (the "Petition Date").

2. On July 24, 2025, Debtor filed its schedules and statement of financial affairs. A true and correct copy of the pertinent page of Debtor's Schedules and Statement of Financial Affairs is attached to the Goe Declaration as **Exhibit 1**.

3. As set forth in Debtor's Schedule B filed on July 24, 2025, Debtor listed the Title Claim with an unknown value related to Debtor's purchase of the Property.[1] *See* Docket No. 18 and **Exhibit 1** attached to the Goe Declaration.

4. When Debtor purchased the Property from the Haim Trust controlled by Mordechai Ferder ("collectively, "Ferder"), Debtor was not aware of and was not put on notice of litigation claims against Ferder ("Litigation Claims").

5. After escrow closed on Debtor's purchase of the Property, Debtor's principals, for the first time, discovered the Litigation Claims.

[1] The Title Claim is being asserted against California Best Title Company through First American Title Company.



GOE FORSYTHE & HODGES LLP
17701 Cowan
Building D, Suite 210
Irvine, CA 92614

6. Debtor asserts that California Best Title Company through First American Title Company ("Title Company") who issued a title policy on the sale may have exposure related to these Litigation Claims.

7. Debtor would never have purchased the Property if it had known of the Litigation Claims involving the Property or if it had known that Ferder's creditors were seeking a writ of attachment/TPO against the Property

8. As such, on July 1, 2025, Debtor made a claim request against the Title Company ("Claim Request"). Attached as **Exhibit 2** to the Goe Declaration is a true and correct copy of the Claim Request.

9. On July 2, 2025, Debtor received acknowledgment of the Title Company's receipt of the Claim Request ("Acknowledgment of Claim Request"), and a September 26, 2025 letter reassigning the claims counsel. There has been no further response from the Title Company. Attached together as **Exhibit 3** to the Goe Declaration are true and correct copies of the Acknowledgments of Claim Request.

10. On September 12, 2025, the Court entered an order appointing a chapter 11 trustee in the Debtor's Case. *See* Docket No. 90. On September 16, 2025, Thomas H. Casey was appointed the Chapter 11 trustee ("Trustee"). *See* Docket Nos. 95-96.

11. After the appointment of the Trustee, Debtor, through counsel, contacted the Trustee, through counsel, a number of times regarding Trustee administering the Title Claim. *See* ¶ 7 of Goe Declaration.

12. On October 7, 2025, the Trustee filed his chapter 11 plan of reorganization ("Plan"). *See* Docket No. 110. The Plan does not identify the Title Claim as an asset to be pursued by the Trustee. *See* Liquidation Analysis at Exhibit 1 to the Plan; *see also* Section V of the Plan.

13. On April 8, 2026, the Trustee filed his first amended chapter 11 plan of reorganization ("First Amended Plan"). *See* Docket No. 167. The First Amended Plan does not identify the Title Claim as an asset to be pursued by the Trustee. *See* Liquidation Analysis at Exhibit 1 to the Plan; *see also* Section V of the Plan.

GOE FORSYTHE & HODGES LLP
17701 Cowan
Building D, Suite 210
Irvine, CA 92614

14. On June 30, 2026, the Trustee filed his second amended chapter 11 plan of reorganization ("Second Amended Plan"). *See* Docket No. 226. The Second Amended Plan does not identify the Title Claim as an asset to be pursued by the Trustee. *See* Section V of the Plan.

15. Debtor's counsel and Trustee's counsel have been in regular communications (written and telephonic) regarding the Title Claim. Following discussions with Trustee's counsel, Debtor's counsel is advised that the Trustee does not intend to pursue the Title Claim due to the challenges of the Title Claim, and does not oppose abandonment of the Title Claim. *See* ¶ 8 of Goe Declaration.

## III. **ARGUMENT**

Under 11 U.S.C. § 554(b), on request of a party in interest and after notice and a hearing, the bankruptcy court may order the bankruptcy trustee to abandon any property of debtor's bankruptcy estate that is burdensome to estate or that is of inconsequential value and benefit to estate. *See* 11 U.S.C. § 554(b). *See also*, *In re Viet Vu,* 245 B.R. 644, 647 (B.A.P. 9th Cir. 2000) *(citing* 11 U.S.C. § 554(b) and *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.),* 816 F.2d 238, 245 (6th Cir.1987)).

Rule 6007 of the Federal Rules of Bankruptcy Procedure ("Rule 6007") provides as follows:

> (1) *Service*. A party in interest may file and serve a motion to require the trustee or debtor in possession to abandon property of the estate. Unless the court orders otherwise, the motion (and any notice of it) must be served on:
> • the trustee or debtor in possession;
> • all creditors;
> • all indenture trustees;
> • any committees appointed or elected under the Code; and
> • the United States trustee.
> (2) *Objection*. A party in interest may file and serve an objection within 14 days after service or within the time set by the court. If a timely objection is filed, the court must set a hearing on notice to the United States trustee and other entities as the court orders.

*See* Rule 6007.

"Numerous courts have recognized that where the estate has no equity in a property, and the estate is to be liquidated, abandonment will virtually always be appropriate, because no unsecured creditor could benefit from its administration." *In re Paolella*, 79 B.R. 607, 609-10 (Bankr. E.D. Pa. 1987) citing *In re Cunningham,* 48 B.R. 509 (Bankr. M.D. Tenn. 1985); *Matter of Karl A. Neise, Inc.,* 31 B.R. 409 (Bankr. S.D. Fla. 1983); *In re Anspach,* 13 B.R. 208 (Bankr.

GOE FORSYTHE & HODGES LLP
17701 Cowan
Building D, Suite 210
Irvine, CA 92614

E.D. Pa. 1981); *In re Brannan,* 5 B.R. 505 (D.V.I. 1980). *See also In re Air Vermont, Inc.,* 41 B.R. 486 (Bankr. D. Vt. 1984). A bankruptcy court may order property abandoned if it is "in the best interest of the estate and its creditors." *See e.g.*, *In re K.C. Machine & Tool Co.*, 816 F.2d 238, 243 (6th Cir. 1987).

Debtor disclosed the Title Claim soon after the Petition Date on its Schedules. *See* **Exhibit 1**. Debtor has had multiple discussions with the Trustee regarding the Title Claim after the Trustee was appointed. *See* ¶¶ 7-8 of Goe Declaration.

As set forth above and in the Goe Declaration, due to the challenges of the Title Claim, the Trustee does not intend to pursue the Title Claim and does not oppose the abandonment of the Title Claim to the Debtor. *See* ¶ 8 of Goe Declaration. After taking all of this into account, and because the value of the Estate's interest in the Title Claim is of inconsequential value, it is of no benefit, and is burdensome to the Estate, abandonment should be compelled.

## IV. CONCLUSION

For the foregoing reasons, Debtors request that the Court grant this Motion and order that the Title Claim be abandoned back to the Debtor.

Dated: August 21, 2026

Respectfully submitted by

GOE FORSYTHE & HODGES LLP

By: /s/Robert P. Goe
Robert P. Goe
Attorneys for Debtor, Serenade Newport, LLC

GOE FORSYTHE & HODGES LLP
17701 Cowan
Building D, Suite 210
Irvine, CA 92614

GOE FORSYTHE & HODGES LLP
17701 Cowan
Building D, Suite 210
Irvine, CA 92614

**DECLARATION OF ROBERT P. GOE**

I, Robert P. Goe, declare and state,

I am an attorney licensed to practice law in the State of California and am admitted to practice before this Court. I am a member of the firm Goe & Forsythe, LLP, which is counsel for Debtor, Serenade Newport, LLC. I make this declaration in support of Debtor's motion for an order pursuant to 11 U.S.C. Section 554(b) ("Motion") compelling the Chapter 11 Trustee, Thomas H. Casey ("Trustee") to abandon the interest of the bankruptcy estate ("Estate") in the certain personal property listed on Debtor's Schedule B, Part 11 at No. 74, "Claim against California Best Title Company, Inc." ("Title Claim").

1. Debtor commenced this case ("Case") by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on July 11, 2025 (the "Petition Date").

2. On July 24, 2025, Debtor filed its schedules and statement of financial affairs. A true and correct copy of pertinent page of Debtor's Schedules and Statement of Financial Affairs are attached as **Exhibit 1**.

3. As set forth in Debtor's Schedule B filed on July 24, 2025, Debtor listed the Title Claim with an unknown value. *See* Docket No. 18 and **Exhibit 1** attached.

4. The Title Claim relates to the title policy for Debtor's purchase of the real property located at 1501 Serenade Terrace, Corona del Mar, CA 92625 (the "Property").

5. On July 1, 2025, Debtor made a claim request against the Title Company ("Claim Request"). Attached as **Exhibit 2** is a true and correct copy of the Claim Request.

6. On July 2, 2025, Debtor received acknowledgment of the Title Company's receipt of the Claim Request ("Acknowledgment of Claim Request"), and a September 26, 2026 letter reassigning the claims counsel. There has been no further response from the Title Company. Attached together as **Exhibit 3** are true and correct copies of the Acknowledgments of Claim Request.

7. After the appointment of the Trustee in this Case, I contacted the Trustee, through counsel, regarding the administration of the Title Claim for the benefit of the Estate.

8. I have been in regular communications (written and telephonic) with Trustee's counsel regarding the Title Claim. Following discussions with Trustee's counsel, I am advised that due to the challenges of the Title Claim, the Trustee does not intend to pursue the Title Claim, and does not oppose abandonment of the Title Claim to the Debtor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration was executed on this 21st day of August 2026 at Irvine, California.

/s/Robert P. Goe
Robert P. Goe

GOE FORSYTHE & HODGES LLP
17701 Cowan
Building D, Suite 210
Irvine, CA 92614

# EXHIBIT 1

EXHIBIT 1

Debtor **Serenade Newport, LLC**
Name

Case number *(If known)* **8:25-bk-11898**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

**Claim against California Best Title Company,Inc.** — **Unknown**

**Nature of claim**

**Amount requested**

**Claims against Kristoffer Winters, Bryan Gadol, Darren Testa, Avina LLC, and Global Inovations for malicous prosecution and slander of title.** — **Unknown**

**Nature of claim** **Damages**

**Amount requested**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78. **Total of Part 11.** — **$0.00**

Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

■ No

☐ Yes



EXHIBIT 1

# EXHIBIT 2

EXHIBIT 2

First American

Date: 07-01-2025

# First American Title Claim Request

*Required field

Use this form for a Title Insurance claim request. Please submit your completed form with supporting documents via email, fax or mail. If you do not receive a response within 5–10 business days or have questions please email us.

**Email:** titleclaims@firstam.com

**Fax:** 877-804-7606

**Mail:** First American Title Insurance Company Attn: Title Claims, 1 First American Way, Santa Ana, CA 92707

## Claimant Information:

Name(s)*: Nathan Dawood
Representing: Buyer
Company: SERENADE NEWPORT, LLC
Relation to insured: Buyer
Mailing address: 500 N State College Blvd Suite 1100
Phone Number*: 949-354-1475
Ext:
City: Orange
State: CA
Zip Code: 92868
Contact E-mail: lossmitigationunit@gmail.com
Your File Number:
Loan Number: 8159

## Property and Policy Information:

Insured Owner(s) or Lender: SERENADE NEWPORT, LLC
Insured Property Address: 1501 Serenade Terrace, Newport Beach, CA 9
Policy Number: CBT-25005067-20
City: Newport Beach
County: Orange
State*: CA
Zip Code: 92625

## Claim Information: (Choose all that apply)

- ☐ Prior Lien — [If Prior Lien, choose one]
- ☑ Defense / Lawsuit / Bankruptcy — Date:
- ☐ Legal Description — [If Legal Description, choose one]
- ☐ Property Line Dispute / Survey Issues
- ☐ Access / Easement / Encroachment
- ☐ Unpaid Taxes / Special Assessments
- ☐ Mobile Home not affixed to property
- ☐ Escrow / Settlement
- ☐ Fraud / Forgery
- ☐ Vesting / Interests
- ☐ Missing Authority / Defective Notary
- ☐ Unrecorded Documents
- ☑ Other

**Explanation of Claim*** (If additional space is needed please attach a separate document

A civil lawsuit (Case No. 30-2025-01488102-CU-BC-CJC) was filed after closing claiming that title to the property was already clouded by a pending court action. We are seeking defense and resolution under our title insurance policy.

## Documents to be attached to all Claim Submissions: (Choose all that apply)

- Copy of Policy and/or Title Commitment from the Insured Transaction (both if available)
- Copy of HUD-1 or Final Settlement Statement from the Insured Transaction
- Recent Title search or Commitment showing the Claims Issue
- If the current holder of the note is not the original insured lender, assignments showing the chain of transfers to the current holder
- Any correspondence or notices received from an adverse party
- Pleadings served on the insured claimant, if the claim involves litigation / any other relevant documents obtained by counsel
- Survey if one is available on claims involving issues of Access, Easement, Legal Description or Survey / Boundary / Encroachment
- Tax bills or notices if claim issue involves Taxes / Assessments
- Any other relevant documents or information

EXHIBIT 2

Print | Save as... | Clear Form

NOTE: A person who knowingly files a statement of claim containing false, incomplete, or misleading information with intent to defraud an insurer, or who helps commit fraud against an insurer, is guilty of a crime and may be charged with a felony.

First American
Title Insurance Company
CLAIMS SERVICES

September 26, 2025

Sent Via Email

Nathan Dawood
Serenade Newport LLC
lossmitigationunit@gmail.com
500 N State College Blvd Suite 1100
Orange CA 92868

| | |
|---|---|
| **Reference No.:** | **CA-2509002892** |
| Your File No.: | 8159 |
| Policy/Commitment: | 50022700-0012157E |
| Owner/Borrower: | Serenade Newport LLC |
| Property: | 1501 SERENADE TERRACE<br>NEWPORT BEACH, CA 92625 |

Dear Nathan Dawood:

This letter serves to notify you that the above-referenced matter, which was previously assigned to Sonia Plesset, Senior Claims Counsel for response, was reassigned to Carl Nielsen, Senior Claims Counsel.

Should questions arise, Carl Nielsen can be reached directly at 714-250-3867 or cnielsen@firstam.com. Please be sure to use the reference number above for future communication with us.

Thank you,

Claims Services

4 First American Way, Santa Ana, CA 92707
TEL 888-632-1642 • FAX 877-804-7606 • EMAIL claims.nic@firstam.com • www.firstam.com

First American
Title Insurance Company
CLAIMS SERVICES

July 2, 2025

Sent Via Email

Nathan Dawood
Serenade Newport LLC
lossmitigationunit@gmail.com
500 N State College Blvd Suite 1100
Orange CA 92868

| | |
|---|---|
| **Reference No.:** | **CA-2509002892** |
| Your File No.: | 8159 |
| Owner/Borrower: | Serenade Newport LLC |
| Property: | 1501 SERENADE TERRACE<br>NEWPORT BEACH CA 92625 |

Dear Nathan Dawood:

This is to acknowledge receipt of your communication dated July 1, 2025 and received by First American Title Insurance Company on July 1, 2025.

The matter has been routed to First American Title's Western Claims Center, which may be contacted at (714) 250-4545. It will be assigned to a representative for investigation, and the representative will be in contact with you. Be sure to use the reference number above for future communication with us.

Please allow at least thirty (30) days to receive further contact regarding your request.

Thank you,

Claims Services

4 First American Way, Santa Ana, CA 92707
TEL 888-632-1642 • FAX 877-804-7606 • EMAIL claims.nic@firstam.com • www.firstam.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17701 Cowan, Suite 210, Building D, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING THE ABANDONMENT OF THE ESTATE'S INTEREST IN CERTAIN PERSONAL PROPERTY; DECLARATION OF ROBERT P. GOE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 21, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Reem J Bello** rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Anthony Bisconti** tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Thomas H Casey (TR)** msilva@tomcaseylaw.com, thc@trustesolutions.net
- **Matthew Tyler Davis** tdavis@kbkllp.com
- **George Gerro** george@gerrolaw.com
- **Robert P Goe** rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Christopher J Harney** charney@tocounsel.com, kmanson@tocounsel.com
- **Paul Jasper** paul.jasper@ashurstperkins.com, david.kline@rimonlaw.com
- **Steven J. Katzman** skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Maxim B Litvak** mlitvak@pszjlaw.com
- **Bahram Paya** brian.paya@payafirm.com
- **Charles Pernicka** charles@opuslawfirm.com
- **Todd C. Ringstad** becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Matthew Rosene** mrosene@epgrlawyers.com
- **Traci L Shafroth** tshafroth@kbkllp.com, staff@kbkllp.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **David B Zolkin** dzolkin@wztslaw.com, maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) August 21, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

First American Title Insurance Company
Attn: Carl Nielsen, Senior Claims Counsel
4 First American Way
Santa Ana, CA 92707

First American Title Insurance Company
Attn: Claims Services
4 First American Way
Santa Ana CA 92707

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 21, 2026, I served the following persons and/or entities by personal delivery, overnight mail service,



GOE FORSYTHE & HODGES LLP
17701 Cowan
Building D, Suite 210
Irvine, CA 92614

or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Mark Houle, USBC, 411 West Fourth Street, Suite 6135, Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| August 21, 2026 | Susan C. Stein | /s/Susan C. Stein |
| *Date* | *Printed Name* | *Signature* |

GOE FORSYTHE & HODGES LLP
17701 Cowan
Building D, Suite 210
Irvine, CA 92614

**In re Serenade Newport, LLC**
**8:25-bk-11898-MH**
**Filed: 07-11-2025**

**DEBTOR**
Serenade Newport, LLC
500 N State College Blvd, Suite 1100
Orange, CA 92868-1625

**Office of the United States Trustee**
Queenie K Ng
United States Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701-4500

**CREDITORS**

Avina LLC
22704 Ventura Blvd
Woodland Hills, CA 91364-1333

Avina LLC
c/o CSC Lawyers Incorporating Svc
Koy Saecho
2710 Gateway Oaks Drive
Sacramento, CA 95833-3505

Bryan Gadol
c/o Theodora Oringher PC
535 Anton Blvd, 9th FL
Costa Mesa,m CA 92626-7109

California Best Title Company, Inc
500 S Kraemer Blvd, Suite 300
Brea, CA 92821-6768

California Best Title Company, Inc
c/o Sun Y Park
Agent for Service of Process
3400 W Olympic Blvd, STE 200
Los Angeles, CA 90019-2351

California Dept of Fee & Tax Admin
PO Box 942879
Sacramento, CA 94279-0001

Darren S Enenstein
Enenstein Phan Glass & Rabbat LLP
3200 Bristol St., Suite 500
Costa Mesa, CA 92626-1810

Darren Testa
c/o Theodora Oringher PC
535 Anton Blvd, #900
Costa Mesa, CA 92626-7109

FCI Lender Services
Attn: Loan Servicing Dept
PO Box 27370
Anaheim, CA 92809-0112

Franchise Tax Board
Bankruptcy Section MS: A-30
PO Box 2952
Sacramento, CA 95812-2952

Global Innovations, LLC
20550 Nordhoff Street
Chatsworth, CA 91311-6113

Global Innovations, LLC
Avi Wazana, Agent for Service
22704 Ventura Blvd, Suite 218
Woodland Hills, CA 91311

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Kristoffer Winters
c/o Steven J Katzman
Bienert Katzman et al.
903 Calle Amanecer, Suite 350
San Clemente, CA 92673-6253

Michael John Gerro, Trustee of the MJ Gerro
Family Trust Dated October 31,
530 S Glenoaks Blvd Suite 200
Burbank, CA 91502-2753

Michael John Gerro, Trustee of the MJ
Gerro Fmaily Trust Dated 10/31/2012
500 N State College Blvd, Suite 1100
Orange, CA 92868-1625

Orange County Treasurer-Tax Collector
601 N Ross Street
Santa Ana, CA 92701-4091

PPRF Reit LLC
16236 San Dieguito Road, Ste 4-21
PO Box 9491
Rancho Santa Fe, CA 92067-4491

Sahand Zargari
530 S Glenoaks Blvd, uite 200
Burbank, CA 91502-2753

Sitlani Holdings LLC
16186 Palimino Valley Rd
San Diego, CA 92127-4442

Todd C Theodora
Theodora Oringher PC
535 Anton Blvd, 9th FL
Costa Mesa,m CA 92626-7109

Christopher J. Harney
Theodora Oringher PC
535 Anton Blvd, 9th FL
Costa Mesa,m CA 92626-7109

Charles L. Pernicka
The Opus Law Firm
PO Box 1502
Rancho Santa Fe, CA 92067-1502

**Request for Notice**
Brian Gadol
c/o Perkins Coie LLP
Attn: Paul S. Jasper, Esq.
505 Howard St., #1000
San Francisco, CA 94105-3204

**Request for Notice**
Darren Testa
c/o Perkins Coie LLP
Attn: Paul S. Jasper, Esq.
505 Howard St., #1000
San Francisco, CA 94105-3204

**Request for Notice**
Brian Gadol
c/o Perkins Coie LLP
Attn: Rebecca Marston, Esq.
110 N Wacker Dr., #3400
Chicago, IL 60606

**Request for Notice**
Darren Testa
c/o Perkins Coie LLP
Attn: Rebecca Marston, Esq.
110 N Wacker Dr., #3400
Chicago, IL 60606

**Request for Notice**
Brian Gadol
c/o Ranies Feldman Littrell LLP
Attn: Hamid Rafatjoo, Esq.
4675 MacArthur Court, #1550
Newport Beach, CA 92660

**Request for Notice**
Darren Testa
c/o Ranies Feldman Littrell LLP
Attn: Hamid Rafatjoo, Esq.
4675 MacArthur Court, #1550
Newport Beach, CA 92660

**Request for Notice**
Lugano Diamonds & Jewelry, Inc.
c/o Keller Benveutti Kim LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

Avina LLC and Global Innovations LLC
c/o David B Zolkin
11766 Wilshire Blvd, Ste 730
Los Angeles, CA 90025-6577

Lugano Diamonds & Jewelry, Inc.
Attn: Christoph Pachiher
620 Newport Center Dr, Ste 700
Newport Beach, CA 92660-8014

MES Newport LLC
530 S Glenoaks Blvd, Suite 200
Burbank, CA 91502-2753

PPRF Reit, LLC
The Opus Law Firm, Attn: Charles Pernicka
PO Box 1502
Rancho Santa Fe CA 92067-1502

Sitlani Holdings LLC and Mahesh Tilokani
The Opus Law Firm, Attn: Charles Pernicka
PO Box 1502
Rancho Santa Fe CA 92067-1502

Ringstad & Sanders LLP
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630-6813

Thomas H Casey (TR)
26400 La Alameda Suite 210
Mission Viejo, CA 92691-8578

Tim Smith
Coldwell Banker Realty
840 Newport Center Dr, Suite 100
Newport Beach, CA 92660-6377