Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
RINGSTAD & SANDERS LLP
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
Telephone: 949-851-7450
Facsimile: 949-851-6926

Counsel for Thomas H. Casey,
Chapter 11 Trustee

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>SERENADE NEWPORT, LLC.,<br><br>Debtor. | Case No. 8:25-bk-11898 MH<br><br>Chapter 11 Proceeding<br><br>**CHAPTER 11 TRUSTEE'S CONFIRMATION BRIEF IN SUPPORT OF CONFIRMATION OF TRUSTEE'S MODIFIED SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**<u>Plan Confirmation Hearing:</u>**<br>Date: September 29, 2026<br>Time: 3:00 p.m.<br>Place: Courtroom 6C (Via ZoomGov)<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

**TABLE OF CONTENTS**


| | | | Page No. |
|---|---|---|---|
| I. | STATEMENT OF FACTS | | 2 |
| | A. | Appointment of the Chapter 11 Trustee. | 2 |
| | B. | Engagement of Real Estate Broker | 3 |
| | C. | Motion for Sale of the Property | 3 |
| | D. | Encumbrances Against the Property | 3 |
| | E. | Objections to the Sale of the Property | 3 |
| | F. | Approval of Sale of Property | 4 |
| | G. | Closing of the Sale of Property | 4 |
| | H. | Filing of Modified Plan and Approved Disclosure Statement | 4 |
| | I. | Delivery of Plan Packages | 4 |
| II. | DESCRIPTION OF THE PLAN | | 5 |
| | A. | Basic Structure of the Plan | 5 |
| | B. | Classification and Treatment of Claims | 5 |
| III. | RESULTS OF BALLOTING | | 6 |
| IV | THE PLAN COMPLIES WITH EACH OF THE REQUIREMENTS FOR CONFIRMATION SET FORTH IN CODE SECTION 1129(a) | | 7 |
| | A. | Section 1129(a)(1) | 7 |
| | | 1. Section 1122 | 7 |
| | | 2. Section 1123(a) | 7 |
| | B. | Section 1129(a)(2) | 8 |
| | C. | Section 1129(a)(3) | 9 |
| | D. | Section 1129(a)(4) | 9 |
| | E. | Section 1129(a)(5) | 9 |
| | F. | Section 1129(a)(6) | 10 |
| | G. | Section 1129(a)(7) | 10 |
| | H. | Sections 1129(a)(8) and 1129(b) | 11 |
| | | 1. All Classes are Unimpaired under the Plan or Have Accepted the Plan | 11 |
| | I. | Section 1129(a)(9) | 12 |
| | J. | Section 1129(a)(10) | 13 |
| | K. | Section 1129(a)(11) | 13 |
| | L. | Section 1129(a)(12) | 13 |
| | M. | Section 1129(a)(13) | 13 |
| | N. | Section 1129(a)(14) | 14 |
| | O. | Section 1129(a)(15) | 14 |
| | P. | Section 1129(a)(16) | 14 |
| | Q. | Conclusion | 14 |


Ringstad & Sanders L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

## TABLE OF AUTHORITIES

**Cases:**


| | |
|---|---|
| *In re Corey*, 892 F.2d 829, 835 (9th Cir. 1989) | 9 |


**Statutes:**


| | |
|---|---|
| 11 U.S.C. Section 101 | 2 |
| 11 U.S.C. Section 365(f) | 11 |
| 11 U.S.C. Section 507(a)(8) | 12 |
| 11 U.S.C. Section 726 | 10 |
| 11 U.S.C. Section 1121(a) | 8,9 |
| 11 U.S.C. Section 1121(b) | 2 |
| 11 U.S.C. Section 1122 | 5,7 |
| 11 U.S.C. Section 1123 | 5 |
| 11 U.S.C. Section 1123(a) | 7,8 |
| 11 U.S.C. Section 1123(a)(1) | 8 |
| 11 U.S.C. Section 1123(a)(2) | 8 |
| 11 U.S.C. Section 1123(a)(3) | 8 |
| 11 U.S.C. Section 1123(a)(4) | 5,8 |
| 11 U.S.C. Section 1123(a)(5)(D) | 8 |
| 11 U.S.C. Section 1123(a)(6) | 8 |
| 11 U.S.C. Section 1123(a)(7) | 8 |
| 11 U.S.C. Section 1123(a)(8) | 8 |
| 11 U.S.C. Section 1124 | 6,11 |
| 11 U.S.C. Section 1125 | 8,9 |
| 11 U.S.C. Section 1126(c) | 10,11 |
| 11 U.S.C. Section 1129 | 6,11 |
| 11 U.S.C. Section 1129(a) | 7 |
| 11 U.S.C. Section 1129(a)(1) | 7,8,14 |
| 11 U.S.C. Section 1129(a)(2) | 8,14 |
| 11 U.S.C. Section 1129(a)(3) | 9,14 |
| 11 U.S.C. Section 1129(a)(4) | 9,10,14 |
| 11 U.S.C. Section 1129(a)(5) | 9,10,14 |
| 11 U.S.C. Section 1129(a)(6) | 10,15 |
| 11 U.S.C. Section 1129(a)(7) | 10,11,14 |
| 11 U.S.C. Section 1129(a)(8) | 11,14 |
| 11 U.S.C. Section 1129(a)(9) | 12,13 |
| 11 U.S.C. Section 1129(a)(9)(A) | 12,14 |
| 11 U.S.C. Section 1129(a)(9)(C) | 12,13 |
| 11 U.S.C. Section 1129(a)(10) | 13,14 |
| 11 U.S.C. Section 1129(a)(11) | 13,14 |
| 11 U.S.C. Section 1129(a)(12) | 13,14 |
| 11 U.S.C. Section 1129(a)(13) | 13,14 |
| 11 U.S.C. Section 1129(a)(14) | 13,14 |
| 11 U.S.C. Section 1129(a)(15) | 14 |
| 11 U.S.C. Section 1129(a)(16) | 14 |
| 11 U.S.C. Section 1129(b) | 11,14 |
| 11 U.S.C. Section 1129(b)(2)(C) | 6,11 |
| 28 U.S.C. Section 1930 | 13 |


Ringstad & Sanders L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Thomas H. Casey, Chapter 11 Trustee ("Trustee"), hereby respectfully submits this Confirmation Brief in support of confirmation of the Trustee's Modified Second Amended Plan of Reorganization (Doc. 231).

**I.**

**STATEMENT OF FACTS**

Serenade Newport, LLC, a California limited liability corporation (the "Debtor"), is the Debtor in this Chapter 11 bankruptcy case. On July 11, 2025, the Debtor commenced this bankruptcy proceeding by filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

According to the Debtor, the Debtor is a limited liability corporation formed on June 13, 2025, to purchase the residential real property consisting of a single-family home located at 1501 Serenade Terrace, Corona del Mar, CA 92625-1753 (the "Property"). *See* declaration of Sahand Zargari ("Zargari Declaration")[1], at paragraph 2. The Property was the principal asset of Debtor's bankruptcy estate ("Estate") when the bankruptcy case was commenced on July 11, 2025. *Id.*

On August 14, 2025, creditors Bryan Gadol and Darren Testa, individuals, filed a Notice and Motion to Dismiss this Bankruptcy Case for Cause as Doc. 53 (the "Dismissal Motion"). The Dismissal Motion came on for hearing on September 9, 2025. At the hearing, the Court determined that cause existed to grant the motion and dismiss or convert the case under 11 U.S.C. Section 1112(b). However, the Court further determined that appointment of a Chapter 11 Trustee in lieu of dismissal or conversion of the case was in the best interests of the creditors and the bankruptcy estate (the "Estate"). The Court therefore entered its Order Granting Motion to Dismiss Bankruptcy for Cause (the "Dismissal Order") as Doc. 92, which authorized and directed the United States Trustee ("UST") to promptly appoint a Chapter 11 Trustee in the case.

**A. <u>Appointment of the Chapter 11 Trustee</u>.**

Thereafter, on September 16, 2025, the UST filed its Notice of Appointment of Chapter 11 Trustee appointing Thomas H. Casey as Chapter 11 Trustee [Doc. 95] and the Acceptance of

[1] References to the Zargari Declaration, the Gerro Declaration, and the Mulchandani Declaration refer to the declarations attached to the Notice of Hearing on Motion and Motion for Order Authorizing Sale of Real Property etc. [Docket No. 43]

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Appointment of Chapter 11 Trustee [Doc. 96], in which Mr. Casey accepted the appointment. The same day, the UST filed its Application for Order Approving Appointment of Trustee and Fixing Bond [Doc. 97], and the Court promptly entered its Order Approving the U.S. Trustee's Application for the Appointment of a Chapter 11 Trustee approving the UST's Application and appointing Thomas H. Casey as Chapter 11 Trustee. [Doc. 98]. Since September 16, 2025, Thomas H. Casey has served and continues to serve as Chapter 11 Trustee herein (the "Trustee").

**B. Engagement of Real Estate Broker.** In order to facilitate the sale of the Property, the Trustee engaged Tim Smith of Coldwell Banker Realty to serve as real estate agent to the Estate. The Trustee's Application to Employ the Real Estate Agent was filed on October 20, 2025 as Doc. 117. An Order Approving the Employment of the Real Estate Agent was entered on December 17, 2025 as Doc. 145.

**C. Motion for Sale of the Property.**

The Motion of Chapter 11 Trustee for an Order (1) Approving Sale of Real Property (the "Sale Motion") of the Estate was filed on April 30, 2026 as Doc. 186, seeking authorization to sell the Property to Jacob Sweidan for the sum of $8,200,000, subject to overbids. A hearing was scheduled on the Sale Motion on May 26, 2026 at 2:30 p.m.

**D. Encumbrances Against the Property.**

From the outset of this case, the Estate's interest in the Property was subject to a first trust deed obligation held by PPRF REIT, LLC ("PPRF REIT") in the principal amount of $5,278,125.00, plus unpaid interest, default interest, attorney's fees and other charges, and a second trust deed obligation held by Sitlani Holdings, LLC and Mahesh Tilokani ("Sitlani/Tilokani") in the principal amount of $500,000.00, plus unpaid interest, default interest, attorney's fees and other charges.

**E. Objections to the Sale of the Property.**

Limited Objections to the terms of the sale of the Property were filed by creditor Lugano Diamonds & Jewelry, Inc. [Doc. 192] and creditors Bryan Gadol and Darren Testa [Doc. 195]. The Trustee negotiated a resolution of the Limited Objections in the Stipulation to Resolve Limited Objections to Trustee's Motion to Sell Real Property, filed on May 21, 2026 as Doc.

203. The Stipulation to Resolve Limited Objections included the agreement of secured creditor PPRF REIT to waive its claim for $362,884.29 in default, and the agreement of Sitlani/Tilokani to waive its claim for $21,501.25 in default interest, interest in return for payment of the balance of both secured claims in full at close of escrow, resulting in additional value to the Estate totaling $384,385.54.

**F. Approval of Sale of Property.**

The hearing on the Trustee's Motion to Sell the Real Property was held on May 26, 2026. There were no overbids received by the Trustee. The Court approved the Stipulation to Resolve Limited Objections to Trustee's Motion to Sell Real Property [Doc. 203] and approved the sale of the Property to Jacob Sweidan for the sum of $8,200,000.

**G. Closing of the Sale.**

The Sale closed on June 8, 2026. The claims of secured creditors PPRF REIT and Sitlani/Tilokani were paid in full as per the terms of the Sale Order and the Stipulation to Resolve Limited Objections. After payment of all commissions, escrow charges, title charges and closing costs, the Trustee received and currently holds net sale proceeds and accrued interest in the approximate amount of $1,433,624.61, subject to quarterly fees.

**H. Filing of Modified Plan and Approved Disclosure Statement.**

On July 14, 2026, the Trustee filed his Modified Second Amended Chapter 11 Plan as Doc. 231 (the "Plan") and Disclosure Statement Describing Modified Second Amended Chapter 11 Plan (the "Disclosure Statement") as Doc. 232.

On July 15, 2026, the Court entered its Order (1) Approving Disclosure Statement Describing Modified Second Amended Plan; (2) Scheduling Hearing on Confirmation of Chapter 11 Plan and (3) Setting Deadlines Relating to Plan Confirmation (the "Plan Confirmation Scheduling Order") as Doc. 234.

**I. Delivery of Plan Packages.** In accordance with the terms of the Plan Confirmation Scheduling Order, the Trustee through his counsel timely delivered Plan packages to all creditors entitled to receive the Second Amended Plan on July 21, 2026. See Declaration Becky Metzner regarding Service of Debtor's Chapter 11 Plan Package [Doc. 239].

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Because all statutory requirements for confirmation of the plan are met, the Trustee respectfully requests that the Court confirm the Trustee's Modified Second Amended Chapter 11 Plan.

**II.**

**DESCRIPTION OF THE PLAN**

The following is a brief summary of the Plan.

**A. Basic Structure of the Plan.** The Plan is a liquidating Plan that proposes to distribute the net proceeds held by the Estate in a manner consistent the Bankruptcy Code following the successful sale of the Debtor's sole asset. The Debtor will have no continuing business or operations following confirmation of the Plan. The Plan proposes to distribute the proceeds in accordance with the Plan. The Chapter 11 Trustee will act as the Plan Agent under the terms of the Plan and will be responsible for all distributions in accordance with the Plan.

**B. Classification and Treatment of Claims.** Section 1123 of the Bankruptcy Code requires that, with certain exceptions, the Trustee classify separately in the Plan all Claims. Pursuant to Section 1122 of the Bankruptcy Code, the Trustee may place all Claims that are substantially the same in the same Class in the Plan. Section 1123(a)(4) of the Bankruptcy Code requires that the Plan provide the same treatment for all Claims in the same Class, unless the holder of a particular Claim agrees to a less favorable treatment of its Claim.

The treatment of each Class of Claims is set forth in Article III of the Plan and comports with the requirements of Section 1123. The Plan establishes four classes of creditors. Class 1 consists of allowed secured claims; Class 2 consists of priority unsecured claims as referenced in Code Sections; Class 3 consists of General Unsecured Claims; and Class 4 consists of the holders of ownership interests in the Debtor.

The Plan therefore complies with the requirements of Section 1123 of the Code.

**III.**

**RESULTS OF BALLOTING.**

The Plan establishes four classes of claims.

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Class 1 consisted of secured claims. There are no known secured claims. No ballots were cast by Class 1 claimants.

Class 2 consists of priority unsecured claims. The only known priority unsecured claim is the claim of the Franchise Tax Board. The Plan provides for payment in full of the Class 2 claim. Class 2 is therefore unimpaired and is deemed to have accepted the Plan.

Class 3 consists of general unsecured claims. Class 3 claimants are impaired under the Plan and therefore entitled to vote. As set forth in the Declaration of Todd Ringstad, filed concurrently herewith, two ballots were received from Class 3 claimants and both ballots voted to accept the Plan. The Plan was therefore accepted by more than one-half in number and two-thirds in amount of voting creditors of Class 3. Class 3 has therefore accepted the Plan.

Class 4 consists of the interest holders. The interest holders are Sahand Zargari and Michael J. Gerro as Trustee of the Gerro Family Trust. Neither interest holder cast a ballot either for or against confirmation of the Plan.

However, because there are insufficient funds remaining from the liquidation of the Debtor's sole asset to pay in full the claims in Class 3, there are no funds remaining after the distribution to Class 3 to distribute to the interest holders in Class 4.

Section 1129(b)(2)(C) provides that the Court can confirm a plan notwithstanding the failure of a class of interest holders to vote to accept the plan, so long as "(iii) the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such interest any property." Here, there are no interests junior to the members of Class 4. Therefore, the Court can confirm the Plan notwithstanding the failure of Class 4 to vote in favor of confirmation because "the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such interest any property."

Based upon the foregoing, the liquidating plan is confirmable. All voting creditors voted in favor of confirmation of the Plan. No creditor or interest holder cast a ballot rejecting the Plan. The requirements of Section 1129 of the Code have been met as demonstrated herein. The Plan therefore should be confirmed.

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

## IV.

## THE PLAN COMPLIES WITH EACH OF THE REQUIREMENTS FOR CONFIRMATION SET FORTH IN CODE SECTION 1129(a)

A bankruptcy court must confirm a plan if all of the requirements of Section 1129(a) of Title 11 of the United States Code (the "Bankruptcy Code" or the "Code")[2] are met. Because each of the Section 1129(a) requirements are satisfied, as discussed in detail below, the Court should confirm the Debtor's Plan of Reorganization.

### A. Section 1129(a)(1)

Under Section 1129(a)(1), the Plan must comply with the applicable provisions of the Code. The Debtor submits that the Plan does comply with the applicable provisions of the Code. This brief will address Code Sections 1122 and 1123(a) because each is particularly important in the context of plan confirmation.

#### 1. Section 1122

Under Section 1122, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class. In Section III.C. of the Plan, the Debtor provided for the following classes of claims and interests:[3]

Class 1: Class 1 consisted of secured claims. Class 2 consists of priority unsecured claims. Class 3 consists of general unsecured claims. Class 4 consists of the interest holders. Each class is comprised of similarly situated parties. The Plan therefore complies with the requirements of 11 U.S.C. § 1122.

#### 2. Section 1123(a)

Section 1123(a) requires a plan to have certain contents. The Plan has all of the required contents as follows:

---

[2] Unless otherwise specified, all statutory references herein are to the Code.

[3] Section II.B. of the Plan provided for the treatment of certain types of claims that are not placed into voting classes and that remain unclassified. These types of claims are not considered impaired and do not vote on the Plan because they are automatically entitled to specific treatment under the Code. The Debtor included administrative expenses and priority tax claims in the unclassified claims section of the Plan.

- Pursuant to Section 1123(a)(1), Section III.C. of the Plan designates classes of claims and interests (as discussed above);
- Pursuant to Section 1123(a)(2), Section III.C. of the Plan specifies which classes of claims are not impaired—Classes 1 and 2 are not impaired;
- Pursuant to Section 1123(a)(3), Section III.C. of the Plan specifies the treatment of classes and claims that are impaired—Classes 3 and 4 are impaired, and this section of the Plan specifies the treatment afforded to each of the impaired classes under the Plan in accordance with this requirement;
- Pursuant to Section 1123(a)(4), the Plan provides the same treatment for each claim or interest of a particular class;
- Pursuant to Section 1123(a)(5)(D), the Plan includes adequate means for the Plan's implementation as the sole property of the estate has already been successfully sold and the Plan merely provides the manner in which the net sale proceeds will be distributed;
- Section 1123(a)(6) is not applicable because no non-voting stock will be issued under the Plan;
- Section 1123(a)(7) requires that the Plan contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan and any successor to such officer, director. The Plan does not provide any alteration of the manner in which officers or directors are selected.
- Section 1125(a)(8) is inapplicable because the Debtor is not an individual.

Accordingly, the Plan contains all of the contents required by Section 1123(a). In light of the above, the Debtor believes the Plan complies with the applicable provisions of the Code and that Section 1129(a)(1) is satisfied.

**B. Section 1129(a)(2)**

Section 1129(a)(2) requires that the proponent of a plan comply with the applicable provisions of the Code. The Debtor is authorized to propose the Plan pursuant to Section 1121(a). In compliance with Section 1125, the Debtor: (1) sought and secured Court approval of

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

its Disclosure Statement; (2) transmitted the Disclosure Statement with the Plan to all creditors and parties-in-interest; (3) refrained from soliciting acceptance of the Plan until after the Disclosure Statement was approved by the Court and after the Disclosure Statement was transmitted with the Plan to creditors and interested parties; and (4) provided the same Disclosure Statement to all creditors and interested parties. Accordingly, the Debtor has complied with Sections 1121(a) and 1125, and therefore has complied with the applicable provisions of the Code in proposing the Plan.

**C. Section 1129(a)(3)**

Section 1129(a)(3) requires that a plan be proposed in good faith and not by any means forbidden by law. A plan is filed in good faith if the plan is intended to achieve a result consistent with the objectives and purposes of the Bankruptcy Code. *See*, *In re Corey*, 892 F.2d 829, 835 (9th Cir. 1989).

As indicated in Section I of the Plan, the Debtor's sole asset has been successfully sold, and the proposed Plan provides for distribution of the net sale proceeds in a manner consistent with the requirements of the Bankruptcy Code. Accordingly, the Debtor believes that the Plan provides fair and equitable treatment of all creditors and equity interest holders and has been proposed in good faith.

**D. Section 1129(a)(4)**

Section 1129(a)(4) requires that any payments made by the Chapter 11 Trustee for services or costs and expenses in connection with the case, or in connection with the Plan and incident to the case, has been or is subject to approval by the Court as reasonable. The Chapter 11 Trustee has made no payment of estate funds to professional persons during the case without a Court order approving such payments. The Chapter 11 Trustee will make no future payments to professionals without a Court order. Accordingly, the Plan comports with Section 1129(a)(4).

**E. Section 1129(a)(5)**

Section 1129(a)(5) has three requirements. The first is that the plan proponent has disclosed the identity of any individual proposed to serve as a director, officer, or voting trustee of the debtor or a successor to the debtor under the plan after the plan is confirmed. The second is

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

that the plan proponent must demonstrate that the appointment of such individual is consistent with the interests of creditors, equity security holders, and public policy. The third is that the plan proponent must disclose the identity of any insider that will be employed or retained by the reorganized debtor.

Section IV.A.2. of the Plan provides that the current Chapter 11 Trustee, Thomas H. Casey, will serve as the Plan Agent. As a long-time trustee serving in the Central District of California, Mr. Casey is well qualified to serve as the Plan Agent and has been serving in this case as the Chapter 11 Trustee after the Court ordered the appointment of a trustee. The requirements of Bankruptcy Code Section 1129(a)(5) are therefore satisfied.

**F. <u>Section 1129(a)(6)</u>**

Section 1129(a)(6) requires that rate changes subject to governmental regulatory approval must be approved by the regulating entity. Section 1129(a)(6) is inapplicable because no regulatory approval is required in connection with the Debtor's bankruptcy case.

**G. <u>Section 1129(a)(7)</u>**

Section 1129(a)(7) has alternative requirements: either each impaired class of claims or interests must accept the Plan, or each impaired class must receive or retain under the plan property of a value that is not less than the amount that such holder would receive if the debtor were liquidated under Chapter 7. The latter requirement is often called the "best interest test." Essentially, creditors or interest-holders in non-consenting classes must receive under the plan the same amount they would receive if the debtor were liquidated in Chapter 7. 11 U.S.C. § 1126(c).

Here, the only impaired class is Class 3, holders of general unsecured claims. All ballots received from Class 3 claimants voted to accept the Plan. Class 3 is therefore deemed to have accepted the Plan. 11 U.S.C. § 1126(c). Moreover, the Class 3 claimants will receive pro rata distributions of the remaining proceeds after payment of administrative and priority claims. This provides Class 3 creditors with a pro rata distribution of net remaining funds, just as they would if the debtor were liquidated in Chapter 7. See 11 U.S.C. § 726. The creditors will therefore receive under the plan value that is no less than they would receive or retain if the debtor were liquidated under chapter 7. The Plan therefore meets the best interest test under 1129(a)(7).

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**H. <u>Sections 1129(a)(8) and 1129(b)</u>**

**1. All Classes are Unimpaired under the Plan or Have Accepted the Plan.**

Section 1129(a)(8) requires that each class must accept the plan or that any non-consenting classes be unimpaired under the plan. Classes 1 and 2 are unimpaired under the Plan and therefore are deemed to have accepted the Plan. *See* 11 U.S.C. § 326(f).

Class 1 consisted of secured claims. There are no known secured claims, so no ballots were cast by Class 1 claimants. Class 2 consists of priority unsecured claims. The only known priority unsecured claim is the claim of the Franchise Tax Board. The Plan provides for payment in full of the Class 2 claim. Class 2 is therefore unimpaired and is deemed to have accepted the Plan. Class 3 consists of general unsecured claims. Class 3 claimants voted to accept the Plan.

Class 4 consists of the interest holders. The interest holders are Sahand Zargari and Michael J. Gerro as Trustee of the Gerro Family Trust. Neither interest holder cast a ballot either for or against confirmation of the Plan. However, it can credibly argue that the Plan does not impair their interests. Section 1124 of the Code provides that a class is unimpaired if the Plan "leaves unaltered the legal, equitable, and contractual rights to which such … interest entitles the holder of the … interest." The Plan's treatment of the Class 4 interest holders does not cancel or otherwise affect their interests in the Debtor entity. The Plan also provides for a distribution to the Class 4 interest holders if funds are available after payment of Class 3 general unsecured creditors. The Plan acknowledges that it is not anticipated that there will be any funds remaining after distribution to Classes 1, 2 and 3. Nonetheless, the Class 4 interest holders' place in the waterfall of funds being distributed under the Plan is no different that would be the case outside of bankruptcy and it is therefore appears that their legal and equitable, and contractual rights are not be altered under the Plan.

Section 1129(b)(2)(C) provides that the Court can confirm a plan notwithstanding the failure of a class of interest holders to vote to accept the plan, so long as "the holder of any interest that is junior to the interests of such plan will not receive or retain under the plan on account of such junior interest any property." Here, no junior interests exist therefore the requirements of Section 1129(b)(2)(C) are met.

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Based upon the foregoing, the liquidating plan is confirmable. All voting creditors voted in favor of confirmation of the Plan. No creditor or interest holder cast a ballot rejecting the Plan. The requirements of Section 1129 of the Code have been met as demonstrated herein. The Plan therefore should be confirmed.

**I. <u>Section 1129(a)(9)</u>**

In relevant part, Section 1129(a)(9)(A) requires a plan to provide that holders of administrative claims will receive cash equal to the allowed amount of their respective claims on the effective date of the plan, except to the extent that the holders of such claims have agreed to a different treatment of such claims. The Plan provides, in Section III.B.1(a), for payment in full on the later of (i) the Effective Date; (ii) the tenth business day after the date upon which such Administrative Claim becomes and Allowed Administrative Claim; or (iii) the date upon which the Allowed Administrative Claim becomes due according to its terms. It also establishes procedures for determination and payment of administrative claims, providing for an Administrative Claims Bar Date to be set at the hearing on Confirmation of the Plan. See Section III.B.1(b). Accordingly, this provision is satisfied.

Section 1129(a)(9)(C) requires that Section 507(a)(8) priority unsecured claims of governmental units be paid in regular installment payments: "(i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim; (ii) over a period ending not later than 5 years after" the commencement of the bankruptcy case; and (iii) "in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan…." The Debtor's Plan provides for the one priority unsecured claim of a governmental unit (the California Franchise Tax Board) to be paid in full, with any statutory interest, within 90 days following the Effective Date of the Plan. This treatment provides superior treatment to the minimum requirements of Bankruptcy Code § 1129(a)(9)(C).[4]

In light of the above, the requirements of Bankruptcy Code Section 1129(a)(9) are satisfied.

[4] No secured claims of governmental units exist that would be subject to the requirements of Bankruptcy Code § 1129(a)(9)(D).



Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**J. Section 1129(a)(10)**

Section 1129(a)(10) requires that, if there is an impaired class under the plan, at least one impaired class accepts the plan, determined without including any acceptance of the plan by any insider. Here, Classes 3 is an impaired class that is comprised of non-insiders and voted to accept the Plan (without considering the acceptance of the Plan by any insider). Therefore, Section 1129(a)(10) is satisfied.

**K. Section 1129(a)(11)**

Section 1129(a)(11) requires that confirmation of the plan is not likely to be followed by liquidation or further reorganization, unless such liquidation or reorganization is proposed in the plan. Here, the Debtor is a single asset real estate entity that has successfully sold it's one asset. The Plan proposes to distribute the proceeds of that sale and is a liquidating plan. The Debtor is not expected to have any operation following closing of this case. The requirements of Section 1129(a)(11) are therefore met.

**L. Section 1129(a)(12)**

Section 1129(a)(12) requires that all fees payable under 28 U.S.C. § 1930, as determined by the bankruptcy court at the hearing on the confirmation of the plan, have been paid, or that the plan provides for the payment of all such fees, on the effective date of the plan. Here, Section III.B. of the Plan provides that all such fees will be paid in full on the latest of (i) the Effective Date (ii) the tenth business day after the date on which Administrative Claim is allowed; or (iii) the date upon which such Allowed Administrative Claim becomes due according to its terms. Accordingly, the Plan comports with the requirements of Section 1129(a)(12).

**M. Section 1129(a)(13)**

Section 1129(a)(13) requires that the plan provide for the debtor's continued payment of certain retiree benefits. This provision is inapplicable here because the Debtor is not obligated to make any retiree benefit payments.

**N. Section 1129(a)(14)**

Section 1129(a)(14) only applies if the debtor is required to pay a domestic support obligation, which is not the case here.

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**O. Section 1129(a)(15)**

Section 1129(a)(15) only applies when a debtor is an individual, which is not the case here.

**P. Section 1129(a)(16)**

Section 1129(a)(16) only applies to a corporation or trust that is not a moneyed, business, or commercial corporation or trust, which is not the case here.

**Q. Conclusion**

In sum, the Debtor and the Modified Second Amended Plan satisfy Sections 1129(a)(1), (2), (3), (4), (5), (6), (7), (9), (10), (11), and (12). Sections 1129(a)(13), (14), (15), and (16), are inapplicable. Accordingly, the Plan satisfies all applicable statutory provisions and should be confirmed.

Respectfully submitted,

DATED: August 25, 2026

RINGSTAD & SANDERS LLP

By /s/ Todd C. Ringstad
Todd C. Ringstad
Counsel for Thomas H. Casey
Chapter 11 Trustee

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 23101 Lake Center Drive, Suite 355, Lake Forest, Ca 92630.

A true and correct copy of the foregoing documents entitled (*specify*): **CHAPTER 11 TRUSTEE'S CONFIRMATION BRIEF IN SUPPORT OF CONFIRMATION OF TRUSTEE'S MODIFIED SECOND AMENDED CHAPTER 11 PLAN OR REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 25, 2026 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Reem J Bello rbello@goeforlaw.com, kmurphy@goeforlaw.com**
- **Anthony Bisconti tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com**
- **Thomas H Casey (TR) msilva@tomcaseylaw.com, thc@trustesolutions.net**
- **Matthew Tyler Davis tdavis@kbkllp.com**
- **George Gerro george@gerrolaw.com**
- **Robert P Goe rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com**
- **Christopher J Harney charney@tocounsel.com, kmanson@tocounsel.com**
- **Paul Jasper paul.jasper@ashurstperkins.com, david.kline@rimonlaw.com**
- **Steven J. Katzman skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com**
- **Maxim B Litvak mlitvak@pszjlaw.com**
- **Bahram Paya brian.paya@payafirm.com**
- **Charles Pernicka charles@opuslawfirm.com**
- **Todd C. Ringstad becky@ringstadlaw.com, arlene@ringstadlaw.com**
- **Matthew Rosene mrosene@epgrlawyers.com**
- **Traci L Shafroth tshafroth@kbkllp.com, staff@kbkllp.com**
- **United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov**
- **David B Zolkin dzolkin@wztslaw.com, maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com**

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On August 25, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark D. Houle, U.S. Bankruptcy Court, Ronald Reagan Federal Building, 411 W. Fourth St., Suite 6135, Courtroom 6C, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 25, 2026 | Becky Metzner | */s/ Becky Metzner* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |