Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
RINGSTAD & SANDERS LLP
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
Telephone: 949-851-7450
Facsimile: 949-851-6926

Counsel for Thomas H. Casey,
Chapter 11 Trustee

FILED & ENTERED

SEP 30 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle DEPUTY CLERK

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>SERENADE NEWPORT, LLC.,<br><br>Debtor. | Case No. 8:25-bk-11898 MH<br><br>Chapter 11 Proceeding<br><br>**ORDER CONFIRMING TRUSTEE'S MODIFIED SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**<u>Plan Confirmation Hearing:</u>**<br>Date: September 29, 2026<br>Time: 3:00 p.m.<br>Place: Courtroom 6C (Via ZoomGov)<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

A hearing on confirmation of the Modified Second Amended Chapter 11 Plan filed as Doc. 231 (the "Plan") by Thomas H. Casey, Chapter 11 Trustee ("Trustee"), was held on September 29, 2026 at 3:00 p.m., before the Honorable Mark Houle, United States Bankruptcy Judge. Appearances were made as reflected on the record.

Having read and considered the Plan; the Disclosure Statement Describing Modified Second Amended Plan filed by the Chapter 11 Trustee as Doc. No. 232; the Notice of Submission of Redlined Versions of: 1. Disclosure Statement Describing Modified Second Amended Chapter 11 Plan; and 2. Modified Second Amended Plan filed as Doc. No. 233; the Order: (1) Approving Disclosure Statement Describing Modified Second Amended Chapter 11 Plan Filed By Chapter 11 Trustee; (2) Scheduling Hearing on Confirmation of Second Amended Chapter 11 Plan; and (3) Setting Deadlines Related To Plan Confirmation entered as Doc. 234; the Declaration Of Becky Metzner Regarding Service Of Debtor's Chapter 11 Plan Package filed as Doc. 239 (the "Metzner Declaration"); the Chapter 11 Trustee's Confirmation Brief In Support Of Confirmation of Trustee's Modified Second Amended Chapter 11 Plan of Reorganization filed as Doc. 244; and the Declaration of Todd C. Ringstad Regarding Ballot Tally In Support Of Confirmation Of Modified Second Amended Chapter 11 Plan filed as Doc. 245 (the "Ringstad Declaration"), the Court hereby finds and concludes:

1.01 The Plan was filed in good faith in accordance with the provisions of the Bankruptcy Code and not be any means forbidden by Law;

1.02 As evidenced by the Metzner Declaration, the Plan, the Disclosure Statement, and Notice of the Confirmation Hearing, and as to all Creditors and Interest Holders entitled to vote, Ballots for voting on the Plan, were duly served upon all Creditors, Interest Holders and other parties-in-interest, in accordance with the requirements of Section 1125.

1.03 The notice given of the Confirmation Hearing was sufficient under the circumstances of this case.

1.04 The solicitation of acceptances of the Plan was undertaken in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

1.05 There are no creditors holding Class 1 Allowed Secured Claims.

1.06 The Plan does not alter the legal, equitable, or contractual rights of the holder(s) of claims in Classes 1;

1.07 The Plan provides for payment in full of the Class 2 priority unsecured claim;

1.08 Class 3 consisting of general unsecured creditors is potentially impaired. As set forth in the Ringstad Declaration, all ballots received from Class 3 claimants voted to accept the Plan.

1.09 No ballots were received from the Class 4 interest holders. However, the Plan does not alter the legal, contractual, or equitable rights of the Class 4 interest holders, who are therefore deemed to have accepted the Plan.

1.10 Each holder of a Class 2, Class 3, or Class 4 claims will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amount which such holder would receive or retain if the Debtor's assets were liquidated on such date under Chapter 7;

1.11 The Plan is feasible, and since it is a liquidating plan, confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor.

1.12 No objection to the confirmation of the Plan was filed by any creditor or interested party. Since no objection to the confirmation of the Plan has been filed, the provisions of Rule 3020(b)(3) of the Federal Rules of Bankruptcy Procedure are applicable in this case. This Court finds that the Plan has been filed in good faith and not by any means forbidden by law.

1.13 The Plan provides for the payment of all fees payable under 28 U.S.C. § 1930 on the Effective Date of the Plan.

1.14 The Plan does not discriminate unfairly against any Class of Claims or Interests under the Plan.

1.15 All of the factual circumstances necessary to meet the requirements of Section 1129(a) are present in this case. All of the requirements of Section 1129(a) of the Bankruptcy Code have been met in this case.

1.18 Good cause exists for confirming the Plan pursuant to Section 1129(a) of the

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Bankruptcy Code.

Based upon the findings set forth herein and good cause appearing therefor, it is hereby ORDERED:

2.01 The Plan filed herein as Doc. 231, is hereby approved and confirmed, and is binding upon all parties as provided in Section 1141 of the Bankruptcy Code.

2.02 The Trustee shall serve as the Plan Agent under the Plan and shall henceforth be referred to as the "Plan Agent." The Plan Agent shall continue to be represented in this case by Ringstad & Sanders LLP without further application or order of this Court.

2.03 The Plan Agent is authorized, empowered, and directed to carry out the provisions of the Plan, and to perform such other acts and execute other documents as are necessary or appropriate in connection with the Plan and this Confirmation Order, without the necessity of further Court order and all such actions shall be deemed to be duly authorized.

2.04 The last day for the filing of claims asserting administrative priority shall be November 20, 2026. The Plan Agent shall provide written notice of the administrative claims bar date to all presently known creditors and parties requesting notice in this case.

2.05 Until all payments are made under the Plan, this Court shall retain jurisdiction over the above-captioned bankruptcy case to ensure that the purposes and intent of the Plan are carried out.

2.06 In compliance with Local Bankruptcy Rule 3020-1(e), if the above-referenced case is converted to one under chapter 7, the property of the reorganized debtor, or of any liquidation or litigation trust, or of any other successor to the estate under the plan, that has not been distributed under the plan shall be vested in the chapter 7 estate, except for property that would have been excluded from the estate if this case had always been one under chapter 7.

2.07 On or before February 2, 2027, the Plan Agent shall file a Status Report describing the progress that has been made toward consummation of the confirmed Plan. The initial report shall be served on the United States Trustee, the 20 largest unsecured creditors, and those parties who have requested special notice. Further reports shall be filed every six months thereafter and served on the same entities, unless otherwise ordered by the Court, or until entry of a Final

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Decree and order closing the above-captioned case.

2.08 A post-confirmation status conference will be held on February 9, 2027 at 1:30 p.m. in the above-entitled Court.

2.09 Notwithstanding Rules 3020(e), 6004(h) and 6006(d) of the Federal Rules Bankruptcy Procedure, or any other applicable rule, this Confirmation Order shall be effective immediately upon its entry, subject to the terms and conditions of the Plan and shall not be stayed, except as specifically stayed by entry of the order of a court of competent jurisdiction.

###

Date: September 30, 2026

Mark Houle
United States Bankruptcy Judge

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450